[No. 4250.   Decided July 5, 1902.]

STATE OF WASHINGTON, *Respondent*, v. A. A. ARMSTRONG, *Appellant*.

CRIMINAL LAW — DISMISSAL — EFFECT AS BAR.

Under Bal. Code, § 6916, which provides that the dismissal of an information is a bar to another prosecution for the same offense, if it be a misdemeanor, but is not a bar if the offense charged is a felony, one charged with a felony but convicted of a misdemeanor is not entitled to claim that the information was barred because of the dismissal of a prior one.

SAME — CROSS-EXAMINATION.

Where a defendant on the witness stand, charged with assault with a deadly weapon, has stated on his direct examination as to whether he had had any other trouble than the alleged offense, that he always tried to get along with his neighbors, it was not error to permit cross-examination as to quarrels and fights with others of his neighbors.

SAME — COSTS.

Under Bal. Code, § 6975, which provides that "when the defendant is found guilty, the court shall render judgment accordingly, and the defendant shall be liable for all costs, unless the court or jury trying the cause expressly find otherwise," and Id., § 1629, which provides that "every person convicted of a crime, or held to bail to keep the peace, shall be liable to all the costs of the proceedings against him, including, when tried by a jury in the superior court, $12 for a jury fee," it was not error for the court to refuse to strike from the cost bill against defendant the jury fee, clerk's and sheriff's fees, although the compensation of such officers is provided for by salaries instead of fees.

Appeal from Superior Court, Chehalis County.—Hon. OLIVER V. LINN, Judge. Affirmed.

*W. H. Abel* and *A. M. Abel*, for appellant.

*J. A. Hutcheson*, for the State.

The opinion of the court was delivered by

MOUNT, J.—Appellant was convicted of assault and from a judgment imposing a fine he appeals. On June 12, 1901, after a preliminary examination, appellant was bound over to appear before the superior court of Chehalis county to answer a charge of assault with a deadly weapon. On July 11, 1901, an information was filed charging appellant with that offense. On October 4, 1901, upon motion of appellant, the action was dismissed by the court, and the defendant discharged, for the reason that the cause had not been brought to trial within sixty days after the filing of the information. Thereafter, and on the same day a new information was filed charging the same offense. Appellant moved to quash this last information upon the ground that the same was filed more than thirty days after the transcript of the preliminary examination was filed. This motion was denied, and a plea of not guilty entered, and a trial and conviction of assault followed. A judgment imposing a fine of $150 and costs was thereupon entered. A cost bill amounting to $159.30 was subsequently filed. Included in the cost bill were the following items: Clerk's costs, $9.45; sheriff's fees, $11.85; jury fee, $12. Appellant moved to strike these items from the cost bill, and the motion was denied. The errors relied upon are: (1) In denying the motion to quash the information; (2) in admitting cross-examination of defendant as to certain difficulties previously had; and (3) in denying the motion to retax costs.

1. The statute expressly provides at § 6916, Bal. Code, that the order of dismissal, under the sections by authority of which the appellant was dismissed, shall not be a bar if the offense charged be a felony. The offense charged in the first information was a felony. The offense charged in the information upon which appellant was tried was also a felony. The prosecuting attorney was authorized to file the information at any time within the period of the statute of limitations. The effect of the dismissal in the case was to release the defendant from the costs of the prosecution up to that time, and to discharge him from custody, or release his bail. The filing of the new information was the commencement of a new action for the same offense. The fact that the jury returned a verdict of guilty of a misdemeanor would not affect the offense charged, so as to make the former dismissal a bar to the action. The statute reads: "But it is not a bar if the offense charged be a felony." The offense *charged* is the guide for the court, and not the verdict rendered upon a trial of the offense charged. It was, therefore, not error to deny the motion to quash, or to overrule the demurrer, or to deny the motion for a directed verdict, or to deny the motion in arrest of judgment; all of which motions were based upon the fact that the verdict rendered found the defendant guilty of a misdemeanor.

2. Upon the trial, while defendant was a witness in his own behalf, he was asked the following question on direct examination: "Have you had any other trouble, —other than this alleged offense?" This question was intended to relate to trouble with the prosecuting witness, but in the course of his answer defendant remarked, "Well, I always try to get along with my neighbors." The prosecuting attorney, on cross-examination, was per-

mitted to interrogate the witness with relation to quarrels and fights with others of his neighbors. We think this evidence was competent to rebut the statement made in reference to his peaceable disposition, and it was not error of the trial court to allow the examination.

3. It is urged that the court erred in refusing to strike these items from the cost bill, viz.: Clerk's costs, $9.45; sheriff's fees, $11.85; jury fee, $12. Section 1629, Bal. Code, provides as follows:

"Every person convicted of a crime, or held to bail to keep the peace, shall be liable to all the costs of the proceedings against him, including, when tried by a jury in the superior court, $12 for a jury fee."

Section 6975, Bal. Code, is as follows:

"When the defendant is found guilty, the court shall render judgment accordingly, and the defendant shall be liable for all costs, unless the court or jury trying the cause expressly find otherwise."

Under § 22 of article 1 of the constitution, any person accused of crime is entitled to have compulsory process for witnesses, and shall not before final judgment be compelled to advance money or fees to secure these rights. Under § 1609, Bal. Code, the clerk is authorized to charge for official services, a fee for issuing each subpoena, and for docketing the cause, etc. The sheriff is entitled to charge a fee for serving subpoenas, and for mileage. It is argued that because the clerk and sheriff are salaried officers, and the county is not required to pay special fees for this class of service, these items are not properly taxable as costs in a criminal cause. We are of the opinion that, since the legislature did not see fit to limit these "official services" to civil causes, the fees provided were intended to apply to criminal cases as well as civil, and that, therefore, costs for such services in criminal cases

may be taxed and recovered against a person convicted of crime as part compensation to the county for salary advanced to such officers.

Finding no error in the record, the cause will in all things be affirmed.

REAVIS, C. J., and ANDERS, DUNBAR, FULLERTON, HADLEY and WHITE, JJ., concur.