[No. 18299. *En Banc.* November 21, 1924.]

HARRISON COLES, *Respondent,* v. THOMAS F. McNAMARA
et al., *Appellants.*[1]

NEW TRIAL (20)—GROUNDS—VERDICT CONTRARY TO INSTRUCTIONS.
Passion and prejudice is shown, so that it is error to refuse a new
trial, where the jury disregarded instructions limiting the recovery
against a sheriff to $5,000, and rendered a verdict against the
sheriff and his deputy for nearly three times that amount.

SHERIFFS AND CONSTABLES (33)—WRONGFUL ARREST—ACTION ON
BOND—LIMITATION OF AMOUNT—PLEADING. In an action against a
sheriff on his official bond in the sum of $5,000 which is made a part
of the complaint, it is not necessary for the defendant to especially
plead the limitation as to the amount.

SAME (12, 33)—ACTION ON BOND—LIABILITY OF SURETY—STATUTES
—CONSTRUCTION. Rem. Comp. Stat., § 4160, providing that a sheriff
shall be responsible for the acts of his deputy to the amount of his
official bond, limits the recovery to the amount of the bond, even
if strictly construed as in derogation of the common law (MAIN, C.J.,
and TOLMAN, J., dissenting).

FALSE IMPRISONMENT (8)—ARREST—MOTIVES OF OFFICER—PROB-
ABLE CAUSE—INSTRUCTIONS. In an action for false imprisonment
it is reversible error to instruct that the motives of an officer in
making an arrest without a warrant are immaterial and no defense,
where the issue was as to whether plaintiff was violating the law
and whether defendant had reasonable grounds to believe and did
believe that a violation of law was being committed in his presence.

SAME (2) — WRONGFUL ARREST — PERSONS LIABLE — NECESSARY
FORCE IN MAKING ARREST. Whether a deputy sheriff used greater
force than necessary in making an arrest is a question for the jury
where there was evidence that plaintiff resisted an arrest and as-
saulted the deputy, and also that the deputy struck plaintiff in the
face and eye with a pair of handcuffs.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for
King county, Brinker, J., entered February 9, 1923,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action in tort. Reversed.

[1]Reported in 230 Pac. 430.

*John F. Dore,* for appellants.
*H. E. Foster,* for respondent.

HOLCOMB, J.—The complaint in this action contains two causes of action. It is alleged in both that the appellant Starwich was and is sheriff of King county, and appellant Fidelity & Deposit Company of Maryland, a corporation, his official surety, and appellant McNamara his deputy sheriff. The first cause of action is grounded upon allegations that appellant McNamara, without authority or color of right, arrested and imprisoned respondent in the King county jail for a period of one day, for which damage in the sum of ten thousand dollars is demanded. The second cause of action avers that appellant McNamara, at the time of the arrest, struck respondent on the face and left eye with a pair of handcuffs, rendering the eye permanently blind, to his injury in the sum of ten thousand dollars.

Appellants answered jointly, alleging that McNamara was a deputy sheriff and was justified in making the arrest because of a violation of the law by respondent, and that respondent resisted the arrest, and that he and his brother, who accompanied him on the occasion, assaulted McNamara, and no greater force was used by him than was necessary to effect the arrest and defend against the assault of respondent.

A copy of the official bond of the sheriff, with the appellant company as surety in the sum of $5,000, is incorporated in the complaint and made a part thereof.

The jury awarded respondent damages in the sum of $14,080. The trial court reduced this amount as against appellants Starwich and McNamara to the sum of $8,000, and against the Fidelity & Deposit Company to $5,000. Respondent electing to take judg-

ment for this amount rather than suffer a new trial, judgment was entered accordingly, from which this appeal comes.

There was an entire conflict in the evidence produced at the trial as to how the arrest was made, and the circumstances attendant thereon. Appellant McNamara testified, and produced evidence to corroborate, that on Easter Sunday, April 16, 1922, respondent and his brother passed by the home of McNamara, carrying a package containing bottles of beer. One of the bottles fell to the sidewalk and was broken, and McNamara called to respondent and his brother that they deliver the package to him, and in an attempt to secure the package, the brother of respondent broke the other two bottles upon the street pavement. McNamara returned to his home, which was close by, for the purpose of telephoning for assistance. Receiving none, he went some two or three blocks from where the bottles were broken and came upon respondent and his brother and placed them under arrest. He testified that they resisted arrest and made an assault upon him, and in order to protect himself he struck respondent with the handcuffs, resulting in the injury complained of; that he delivered them to the county jail in a drunken condition. The brother, on the next day pleaded guilty to being drunk and disorderly. Respondent and his brother denied that they made any assault upon McNamara, and claim that McNamara was at all times the aggressor and was without color of right in arresting and beating respondent.

Respondent testified concerning his arrest as follows:

"Well, me and my brother were going up to visit my older brother on Tenth Avenue North. We took the Broadway car at Second and Main and got off at Broadway and Denny Way, and I had a package of

three bottles of Rainier Special wrapped up in a newspaper. The package was broke, and I thought I was going to lose them, and my brother said 'Let me have them' and I handed them over to him, and one of them fell on the sidewalk and broke, and my brother kicked the glass off the sidewalk on the parking strip, and we went to my brother's and he was not home, and we started back and my brother was a little ahead of me —I stopped to close the gate—and Mr. McNamara walked up to him and he said 'I want to see what is in them packages' and my brother told him it was nothing that concerned him, and he made a grab for it, and I stepped up and asked him for his warrant, and he said 'I don't need a warrant,' and he said 'You shut up or I will beat your can off, you dirty bastard,' and he showed his badge, and he made another grab for the package, and one of the bottles fell on the street and broke, and my brother took the other bottle and broke it, and then he told him to go ahead and search, and we went around on Eleventh Avenue, and went south on Eleventh Avenue by the Capitol Hill Reservoir.''

Appellant's first assignment of error is that the court erred in refusing to grant a new trial on the ground that the verdict was the result of passion and prejudice on the part of the jury.

The court instructed the jury as follows:

''I instruct you that the amount of the sheriff's bond in this case is five thousand dollars, and that under no circumstances can any judgment be returned in this case against the sheriff or against his bondsman in any sum greater than that. However, this limitation does not apply to the defendant McNamara.''

The jury disregarded this instruction and returned a verdict against both the sheriff and his surety in nearly three times the amount limited by the above instruction. Such a verdict, contrary to the plain instruction of the court, clearly infers passion and prej-

udice on the part of the jury. That is sufficient to set aside the verdict entirely and award a new trial.

There are, however, other errors that must be considered.

The second claim of error is that the court erred in refusing to reduce the verdict against the sheriff, Starwich, to $5,000, the amount of his official bond. Section 4160, Rem. Comp. Stat. [P. C. § 1797], provides as follows:

"Each sheriff may appoint as many deputies as he may think proper, for whose official acts he shall be responsible to the amount of their (his) bond, and may revoke such appointments at his pleasure: . . . . ."

Respondent contends, however, that a limitation of any kind on a bond, when the bond is in suit, is waived if not specifically pleaded, citing *Helmer v. Title Guaranty & Surety Co.*, 55 Wash. 558, 104 Pac. 783. That case was one where the bond contained a limitation barring action unless the action was commenced within four months after the accrual of the cause of action. In other words, it was a time limitation upon suit, and like the statute of limitations, which must generally be pleaded, must have been specifically pleaded as a bar to the action in order to be relied upon.

Here the bond sued upon limits the amount of recovery when it is sued upon to $5,000 as a part of respondent's own cause of action. It is therefore wholly unnecessary for appellants to specifically plead the limitation of the amount of the bond.

It is further contended by respondent that, as to the sheriff and his deputy, they are liable for full compensatory damages, notwithstanding the provisions of the statute.

It is true that at common law a sheriff has always been held liable for the acts of his deputy to the full amount of damage suffered. *Kusah v. McCorkle,* 100 Wash. 318, 170 Pac. 1023, L. R. A. 1918C 1158. It is therefore suggested here that this statute is in derogation of the common law and must be strictly construed; or, if not in derogation, that it is only declaratory of the common law and merely makes the sheriff and his sureties liable on the bond in addition to the common law liability.

A majority of the court cannot concur in this reasoning. If the statute is in derogation of the common law and must be strictly construed, its language is "for whose official acts he shall be responsible to the amount of his bond." There was no need for the legislature to declare that the sheriff would be responsible for the official acts of his deputy, and it is evident that the only purpose of the legislature was to limit the liability of the sheriff for the misconduct of his deputies to the amount of his official bond.

Appellants' third contention is that the court erred in giving instruction No. 20a, reading:

"The jury is further instructed that in this case the motives or purported motives of the defendants 'in causing the arrest of the plaintiff are wholly immaterial, and defendants will not be permitted to justify the arrest and imprisonment of the plaintiff on any supposed or imaginary reason or motives."

It is insisted that this instruction took from the jury the entire affirmative defense of appellants.

On the other hand, respondent contends and cites authorities to the effect that actual malice is not an element of the tort of false imprisonment, it differing in that respect from malicious prosecution; that the motive of the defendant is therefore immaterial as to the right of recovery of fair compensation for all in-

juries sustained as the natural consequence of the imprisonment; citing 19 Cyc. 319, wherein it is stated:

"The right invaded by false imprisonment is of such a character that the liability of the wrong-doer does not depend primarily upon his mental attitude. All of the authorities declare that neither malice nor ordinarily want of probable cause is an essential element of the right of action. If the imprisonment is lawful it does not become unlawful because done with malicious intent; if the conduct be unlawful, neither good faith, nor provocation, nor ignorance of the law is a defense to the person committing the wrong, in a civil as distinguished from a criminal proceeding."

While it is true that malice is not an essential element to the right of action for false imprisonment, it is also true that reasonable and probable cause, if believed, in the guilt of the person detained is essential to legal justification for arrest by an officer for a public offense without a warrant, or by a private person, and completes a defense within the restrictions imposed by law. 19 Cyc. 351.

What is probable cause for arrest depends upon all the circumstances of each case. 19 Cyc. 352.

"A peace officer is also justified in arresting when public security demands it, as in cases of actual or reasonably apprehended breach of peace, and in arresting a person resisting the proper enforcement of the law by himself or by other officers." 19 Cyc. 351.

"Where the evidence is such that reasonable men might differ as to the inferences to be drawn therefrom, it is the court's duty to submit the case to the jury, and in such case it is not error to deny a motion to direct a verdict for defendant, or a motion for a judgment of nonsuit. But, if the evidence is wholly insufficient to warrant any other verdict, it is proper to withdraw the case from the jury and give peremptory instructions." 5 C. J. 697.

We held in *White v. Jansen,* 81 Wash. 435, 142 Pac. 1140, that the existence of probable cause justifies an

officer in making an arrest even of the wrong person. In that case we also held proper an instruction by the court to the effect that the sole question for the jury to determine was whether or not in arresting the plaintiff the defendant had reasonable grounds for believing, and did believe, that the plaintiff had committed the offense charged in the information; if he had such reasonable grounds for so believing, and did so believe, he would not be liable.

In this case there were no admitted facts, and no facts were conclusively established by evidence without contradiction which would warrant the trial court or this court in holding, as a matter of law, that respondent and his brother were violating the law and the arrest was, as a matter of law, lawful. On the contrary, the evidence was in dispute, and it was wholly a question for the jury to determine whether respondent was violating the law, and whether appellant McNamara had reasonable grounds to believe, and did believe, that a violation of the law was being committed in his presence for which he had a right to arrest respondent upon view without warrant; and whether he used more force than was necessary in making the arrest and in resisting the assault by respondent. All these questions were matters for the jury, and the instruction of the court, No. 20a, virtually took the affirmative defense of appellants from the jury, as contended. The jury should have been instructed as was done in *White v. Jansen, supra.*

Whether the arrest was legal or illegal depends upon the facts in such a case as this, and they must be resolved by the jury under proper instructions.

As to appellant McNamara, whether he used greater force in making the arrest than a reasonably prudent man would have used under the circumstances, and

whether he was justified at all, depends upon the facts to be resolved by the jury. If he is personally liable, he is liable for such amount as would reasonably compensate respondent. He is not liable for injuries inflicted in the use of reasonable and necessary force to maintain the peace, maintain order, or overcome resistance to his authority. In making the arrest he is justified in using sufficient force to subdue the person, though not acting in self-defense; but only so much force. 5 C. J. 639.

The judgment is reversed, and the cause remanded for a new trial in conformity with the views expressed herein.

MACKINTOSH, BRIDGES, PARKER, FULLERTON, and MITCHELL, JJ., concur.

TOLMAN, J. (dissenting)—I cannot concur in the construction placed by the majority upon the statute, § 4160, Rem. Comp. Stat. [P. C. § 1797], quoted in the majority opinion.

As stated by the majority, it is undoubtedly the common law that a sheriff is liable for the acts of his deputy to the full amount of all damage suffered. The statute contains no word or words of limitation, and therefore does not in any manner affect this common law liability, and to construe it so as to limit that liability, as the majority has done, makes it a statute in derogation of the common law which must be strictly construed, and forbids a strict construction which the majority has attempted to give it. The only purpose of the statute, in my judgment, is apparent on its face from reading its terms and giving the words their usual significance, and that is to extend to the bond and the sureties thereon a liability in addition to the sheriff's liability which existed before the statute was en-

acted, and which still exists unaffected by the statute.

I concur with the majority except as stated, but cannot acquiesce in its construction of the statute.

MAIN, C. J., concurs with TOLMAN, J.

PEMBERTON, J. (dissenting)—There may be a conflict in the testimony as to whether the respondents were actually violating the law. The majority opinion says that this "was wholly a question for the jury to determine." Under the authority cited in the majority opinion, the question of whether or not respondents were actually violating the law is immaterial, if, in fact, their conduct was such that would lead a reasonably prudent officer to believe that they were violating the law.

"Reasonable and probable cause for belief in the guilt of the person detained is essential to legal justification of arrest by an officer for a public offense without a warrant or by a private person, and completes a defense within the restrictions imposed by law." 19 Cyc. 351.

The testimony of respondent set forth in the majority opinion clearly shows that there was a reasonable and probable cause for belief on the part of the deputy sheriff that the respondents were violating the law. Before the actual arrest, the respondent and his brother attempted to destroy, and did destroy, the evidence of their guilt by breaking the bottles upon the street instead of delivering them over to the deputy sheriff upon his request. They told the deputy to search them after they disposed of the contents of the bottles. These facts were sufficient to create in the mind of a reasonably prudent person a belief that they were guilty of the violation of the law. The fact that they now claim that the bottles contained near beer, which is not intoxicating, is immaterial. There would be no

motive in destroying the bottles if that were a fact. Their conduct in breaking the bottles cannot be explained in any other way than that they contained intoxicating liquor. At least this would be the natural conclusion that a reasonably prudent person would reach.

The admitted facts being sufficient to justify the belief that respondent and his brother were violating the law, we must hold that the arrest was lawful.

There is another reason for holding the arrest legal. Respondents in their testimony admitted that they broke the glass bottles upon the street in the presence of appellant McNamara, the arresting officer. This was a violation of § 2720, Rem. Comp. Stat. [P. C. § 5992], making it a misdemeanor to throw any bottle, glass or glassware upon a road, street, alley or highway, and the officer had authority to make the arrest.

Instead of telling the jury that the defendant could not justify the arrest, the court should have told the jury that the arrest was legal.

The only question to be submitted to the jury is whether or not there was greater force used in making the arrest than a reasonably prudent officer would have used under the facts and circumstances.