[No. 19430.   Department Two.   November 18, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. MIKE GUNNS, *Appellant.*[1]

INDICTMENT AND INFORMATION (63)—REQUISITES—PARTICULAR OFFENSES—DRIVING AT EXCESSIVE SPEED. An information charging manslaughter in unlawfully and feloniously driving an automobile "at a great, unreasonable and improper speed," sufficiently charges the offense in ordinary, concise language so as to enable a person of common understanding to know what was intended (as required by Rem. Comp. Stat., §§ 2055 and 2065), notwithstanding it does not charge driving at any specified unlawful rate of speed fixed by Id., § 6339.

CRIMINAL LAW (299)—TRIAL—INSTRUCTIONS—EXPLANATION OF PARTICULAR TERMS—"NEGLIGENCE." In a prosecution for manslaughter in the negligent driving of an automobile at an excessive speed, in violation of Rem. Comp. Stat., § 6339, it is sufficient if the instructions clearly advised the jury of the law on that subject, and submitted the issue as to whether or not negligence of the accused was the cause of the death.

NEW TRIAL (49)—PROCEEDINGS TO PROCURE—IMPEACHMENT OF RECORD. Statements of the jurors as to misconduct cannot be used to impeach the verdict of the jury as to matters that clearly inhere in the verdict.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 20, 1924, upon a trial and conviction of manslaughter. Affirmed.

*Louis J. Muscek,* for appellant.

*J. W. Selden, T. F. Ray, Robert B. Abel,* and *J. A. Sorley,* for respondent.

PARKER, J.—The prosecuting attorney for Pierce county, by information filed in the superior court for that county, accused the defendant of "the crime of manslaughter," as follows:

"That the said Mike Gunns, in the county of Pierce, in the state of Washington, on or about the 30th day

[1]Reported in 240 Pac. 674.

of August, 1924, then and there being unlawfully and feloniously and wilfully, with culpable negligence and carelessness, did drive an automobile at a great, unreasonable and improper speed over a certain highway in the county of Pierce, state of Washington, to wit, on that portion of the Pacific highway between Tacoma Junction of the Chicago, Milwaukee & St. Paul Railway Company, where it crosses the said Pacific highway, and the Puyallup river bridge in said county; and said automobile while being driven at such great, unreasonable and improper speed as aforesaid, did then and there with great force and violence run into and strike a pole at the east end of the said Puyallup river bridge, and also did then and there strike the railing at the approach at the said east end of said bridge and the said forceful and violent impact of said automobile with said pole and said bridge did so crumble and wreck said automobile that one Charles Rauen, who was riding in the rear seat of said automobile was struck and mortally wounded, from which wound thereby received the said Charles Rauen did die within a short time after being so forcibly and violently hit and struck; that said killing was without design to effect the death of said Charles Rauen, but was neither justifiable nor excusable; that in the manner aforesaid the said Mike Gunns did unlawfully and feloniously kill the said Charles Rauen.''

The defendant demurred to the information on the ground that it did not state facts constituting the crime of manslaughter. The demurrer was overruled. Thereafter he pleaded not guilty, and his trial upon the merits followed resulting in the jury finding him guilty of manslaughter. A judgment was rendered thereon accordingly, sentencing him to the penitentiary for a minimum term of eighteen months, from which judgment he has appealed to this court.

It is first contended in behalf of appellant that the trial court erred in overruling his challenge to the sufficiency of the information, made by his demurrer

and thereafter by appropriate motions, in that the acts charged as the crime are not set forth in such ordinary and concise language "as to enable a person of common understanding to know what is intended," as prescribed by §§ 2055 and 2065, Rem. Comp. Stat. It is asserted in this behalf that the

"  .  .  .  .  wording in the information, 'unlawfully and feloniously and wilfully with culpable negligence and carelessness did drive an automobile at a great, unreasonable and improper speed,' does not clearly and distinctly set forth in ordinary and concise language the particular circumstances of the crime charged."

It seems to us that this is a sufficient charge of driving an automobile at an unlawful rate of speed when read in connection with the statement as to the place, in violation of § 6339, Rem. Comp. Stat., reading as follows:

"It shall be unlawful for any person to operate or move any motor vehicle at a rate of speed faster than thirty miles per hour, or, within any corporate limits of any city or town, at a rate of speed faster than twenty miles per hour, or, over or across any street intersection within the corporate limits of any city or town, or within one hundred yards of any schoolhouse, on school days between 8 o'clock in the morning and 5 o'clock in the evening, at a rate of speed faster than twelve miles per hour, or in any case at a rate of speed that will endanger the property of another or the life or limb of any person."

It is true that this information does not charge appellant with driving at any specified unlawful speed, nor does it charge in the exact language of the concluding words of § 6339 above quoted; but we think that a person of common understanding would not fail to know that it was intended to charge a violation of the speed regulations prescribed by that section, as the

cause of the death of Rauen. *State v. Randall,* 107 Wash. 695, 182 Pac. 575. We think the court did not err in overruling appellant's several challenges to the sufficiency of the information.

It is further contended in behalf of appellant that the trial court erred in refusing to give to the jury a requested instruction purporting to define the degree of negligence which the state was required to prove as against him as a prerequisite to his conviction. This requested instruction is somewhat involved in its language. We shall not attempt to analyze it. We deem it sufficient to say that the instructions given by the trial court fairly advised the jury in such manner as to give them to understand that the question of negligence drawn in question was as to whether or not appellant violated the speed regulations of the law, clearly advising them what the law was on that subject as defined by § 6339 above quoted; and further advising them, in substance, that, if they found appellant to have been so negligent, they were to further find as to whether or not such negligence was the cause of Rauen's death. We think that there was no prejudicial error in the court refusing to give this requested instruction. Some other errors are claimed touching instructions refused and given. Each of these is very briefly argued. We feel justified in disposing of them in a similar summary manner by simply saying that we have carefully examined each of them and think that they are all wholly unavailing as cause for reversal of the judgment.

Contention is made that the evidence does not support the verdict and judgment. We have carefully read all of the evidence and are convinced therefrom that we would not be at all justified in so holding.

Finally, it is contended that there was misconduct on the part of the jurors while deliberating upon their verdict. This contention amounts to nothing more

than an attempt to use statements of jurors to impeach their own verdict as to matters clearly inhering in the verdict, which, therefore, cannot be considered by the court. *State v. Gay,* 82 Wash. 423, 144 Pac. 711; *State v. Cook,* 113 Wash. 391, 194 Pac. 401.

We are unable to discover in the record before us any error calling for reversal of the judgment. It is, therefore, affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and MACKINTOSH, JJ., concur.