[No. 19549.  Department.One.  December 1, 1925.]

HARRISON COLES, *Appellant*, v. THOMAS F. McNAMARA *et· al., Respondents.*[1]

APPEAL (349) — ASSIGNMENT OF ERRORS — FORM AND SUFFICIENCY. Rule of Court VIII, requiring each error relied on to be clearly pointed out and separately discussed, is not complied with by general assignments of "error of law occurring upon the trial," "in charging the jury," and that the verdict is "contrary to the evidence and against law."

WITNESSES (74)—CROSS-EXAMINATION—SCOPE. Where a witness did not say on direct examination, that he was placed under arrest, it· is proper to ask on cross-examination if witness did not know he was being arrested when the officer said he "wanted" him.

·· SAME (81)—EXAMINATION—LIMITATION AS TO COLLATERAL MATTERS. Error cannot be assigned on examination upon a collateral matter as to the intoxication of a witness on the day following his arrest, where it was properly restricted and the· jury instructed that his conviction on a plea of guilty could only be used to affect his credibility.

: FALSE IMPRISONMENT (8)—ARREST—MOTIVES OF OFFICER—PROBABLE CAUSE—INSTRUCTIONS.  In an action for false imprisonment it is proper to instruct that whether plaintiff was actually violating the

¹Reported· in 241 Pac. 1. ·

law at the time of the arrest is immaterial, if his conduct was such as to lead a reasonably prudent officer to believe in good faith that he was violating the law.

Appeal from a judgment of the superior court for King county, Paul J., entered May 28, 1925, upon a verdict of a jury rendered in favor of the defendants, in an action in tort. Affirmed.

*H. E. Foster,* for appellant.

*John F. Dore,* for respondents.

Holcomb, J.—On remand of this case for retrial, as directed on a former appeal in *Coles v. McNamara,* 131 Wash. 377, 230 Pac. 430, the retrial resulted in a verdict of the jury in favor of all the defendants, from judgment on which this appeal comes.

The pleadings and issues were stated on the former appeal, *supra.* On this appeal appellant assigns as errors,

(1)   Errors of law occurring upon the trial;

(2)   The court erred in charging the jury and in refusing to charge as requested;

(3)   The verdict of the jury is contrary to the evidence and against law.

These alleged errors are much too indefinite to comply with rule VIII of this court, which requires that "each error relied on shall be clearly pointed out and separately discussed: *Provided,* that several assignments presenting the same general questions may be discussed together."

Many things are alluded to in the brief of appellant which it is impossible to discern whether they are referred to as grounds of error or merely *arguendo.* The errors which seem to be relied upon, and especially as argued at the oral hearing, will be referred to in their order.

The first is that Alvin Coles, brother of appellant and a witness in his behalf, was required to answer, on cross-examination, that he heard respondent McNamara say, when the difficulty was happening between McNamara and appellant and his brother, ''I want you fellows.'' He had already testified, on direct examination, that, ''He (McNamara) did not say we were under arrest, but said 'come on'.'' On cross-examination, the question was asked ''You knew when he said 'I want you fellows' he was arresting you did you not?'' An objection to this question being overruled, the witness answered, ''I did not know he was an officer. He pulled out a badge and flashed it and put it back in his pocket.''

It is apparent that the cross-question was elicited by the answer of the witness on direct examination, and its impropriety is not at all apparent.

It is next argued that, following the admission by the same witness, Alvin Coles, that he had pleaded guilty of being drunk and disorderly on the day following his arrest, the court erred in refusing an opportunity to explain why he pleaded guilty. Counsel for appellant offered to show that an attorney had been furnished appellant and his brother who had solicited employment; that the attorney had advised him to plead guilty, and that his lawyer paid the fine. In ruling upon the matter, the trial court said that he would allow appellant to show that there was no conviction if he could; that he would instruct the jury that, so far as conviction was concerned, it was for the purpose only of affecting the credibility of the witness, and not as original evidence of his condition on the day of the difficulty. The jury were so instructed.

The attempted examination and offer of evidence were as to purely collateral matters, the only material, competent thing being the judgment of the conviction of the witness for the purpose permitted by the court,

and that only.   The rights of appellant were protected.

The next error argued is upon an instruction of the court as follows:

"I instruct you that it is immaterial whether or not the plaintiff was actually violating the law at the time of the arrest if in fact his conduct was such as to lead a reasonably prudent officer to believe in good faith he was violating the law."

The above instruction conforms to the law of the case as settled on the former appeal, *supra,* and was practically directed by this court.

The last error urged and argued is that the verdict of the jury was contrary to the evidence and against law.

An examination of the record shows that the evidence was almost entirely in conflict, but the weight and sufficiency of the evidence, and the credibility of the witnesses was for the jury.   The jury having resolved the weight of the evidence in favor of respondents and we finding no error of law sufficient to invalidate the verdict and judgment thereon, they are affirmed.

Tolman, C. J., Askren, and Mackintosh, JJ., concur.

Fullerton, J., concurs in the result.