[No. 22569. Department Two. December 18, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. ELEANOR RAMOS, *Appellant*.[1]

[1]Reported in 294 Pac. 223.

*John C. Richards, Oliver Anderson,* and *Earl W. Husted,* for appellant.

*Charles R. Denney,* for respondent.

MITCHELL, C. J.—The appellant Eleanor Ramos was charged by information, and convicted by a jury, of the crime of manslaughter committed in Snohomish county on April 8, 1929. The charge in substance was that she willfully and unlawfully drove an automobile upon a public highway in that county while she was under the influence of intoxicating liquor, and that, in operating and driving the automobile along the highway in a dangerous and reckless manner, in several particulars enumerated in the information, she drove into collision with an automobile in which one Sophia M. Elliott was riding, and that, as the direct and proximate result of such reckless driving, Sophia M. Elliott was mortally wounded, from which wound she died on that day.

By the first assignment of error, it is claimed that appellant's general demurrer to the information was improperly overruled. The information is somewhat lengthy and need not be set out in this opinion.

It charged several ways of negligent and reckless driving on the part of the appellant which it was alleged caused the death of the deceased. The information was drawn with reference to Rem. 1927 Sup., § 6362-45, which reads as follows:

"It shall be unlawful for any person to drive a motor vehicle in a reckless manner over and along the public highways of this state. For the purpose of this section, to drive in a reckless manner shall be construed to mean the operation of a motor vehicle upon the public highways of this state in such manner as to endanger or inconvenience unnecessarily other users of such highway."

The language of the information, being substantially within, and certainly as specific as, the section of the code upon which it was based, was sufficient, according to our cases. *State v. Randall,* 107 Wash. 695, 182 Pac. 575; *State v. Ito,* 129 Wash. 402; *State v. Gunns,* 136 Wash. 495, 240 Pac. 674.

Error is assigned on the court's refusal to grant a continuance of the trial. Lengthy affidavits were filed for and against the motion. The matter was one of discretion, which the record fails to show was abused by the trial court.

Appellant complains of a reference by the prosecuting attorney in his opening statement to the jury and of the testimony of several witnesses concerning the drinking and apparent intoxicated condition of the appellant just before and for some hours after the accident. The complaints in this respect are in our opinion without merit, all such testimony being proper under the allegations of the information.

The state introduced considerable evidence to show intoxication and reckless driving on the part of the appellant about the time of the accident, while appellant introduced evidence tending to show the con-

trary. This conflict presented a question for the jury and justified the denial of appellant's requested instruction to find the defendant not guilty.

██ Objections to admitting certain photographs of the scene and of the cars in collision were properly overruled. Evidence incidentally given that the collision stunned and injured the driver of the car in which the deceased was riding was proper as part of the *res gestae*.

It is assigned as error that questions asked a sister and brother of the deceased on cross-examination concerning the commencement or contemplated commencement of a civil action growing out of the case, as affecting the weight of their testimony, were improperly disallowed by the trial court. Counsel are in error in this respect. The record shows that the questions were answered.

Other assignments of error question the refusal of the court to give certain requested instructions that as a matter of fact were either substantially given or else improper under the law as discussed herein concerning the sufficiency of the information.

██ In instruction number one, in defining the issues in the case, the court quoted the charging part of the information and stated that the defendant had entered a plea of not guilty to it, which, it was stated, put in issue all of the matters alleged in the information. Counsel for appellant complain that quoting thus from the information violated the rule of practice that pleadings shall not go to the jury room. Neither the letter nor the spirit of the rule was violated. That rule was not intended, nor will it be allowed, to interfere with the giving of instructions necessary to call attention to the essential issues in the case.

Other assignments of error have not been overlooked by us, but, upon due consideration of the record, are,

we think, without substantial merit and need not be discussed in detail. Some of them have, in effect, been disposed of under assignments already discussed.

Upon the whole record, it appears that there was a fair trial. Judgment affirmed.

FULLERTON, MAIN, BEALS, and MILLARD, JJ., concur.