[No. 27032.   Department One.   June 28, 1938.]

KING COUNTY et al., Respondents and Cross-appellants, v. THE CITY OF SEATTLE, Appellant.[1]

[1]Reported in 80 P. (2d) 838.

*A. C. Van Soelen* and *John A. Homer,* for appellant.

*B. Gray Warner* and *Lloyd W. Shorett,* for respondents and cross-appellants.

HOLCOMB, J.—This action was brought by King county to compel Seattle, a city of the first class, to pay fees in the amount of nine hundred dollars for services rendered on account of forty-two separate cases, involving violations of a penal ordinance of Seattle, in which appeals were taken to the superior court from convictions in the police court of Seattle. On an exhibit, which is attached to and made a part of the complaint, these cases are listed and the amount of the filing, judgment, and jury fees is set out therein. Upon appeal to the superior court, defendants, in the cases mentioned in the exhibit, were acquitted.

Cross-appellants made demand upon appellant· for payment of the above mentioned fees, but it refused to pay them and denied liability therefor. Appellant answered denying the allegations of the complaint, and prayed that this action be dismissed. The·trial court allowed cross-appellants to recover the sum of $480 for jury fees as set forth in the exhibit, but denied recovery for filing and judgment fees.

Cross-appellants appeal from that portion of the judgment denying recovery of filing and judgment fees, and appellant appeals from that portion of the judgment allowing recovery for jury fees.

Rem. Rev. Stat., § 8993 [P. C. § 9475], defines the jurisdiction of a police judge in a city of the first class and provides for a review of his judgments by the superior court. Rem. Rev. Stat. (Sup.), § 8993-1 [P. C. § 9475-21] (Laws of 1937, chapter 79, p. 333, § 1), prescribes the procedure for taking such an appeal and provides that, in such appeals, appellant shall file with

the clerk of the superior court a transcript containing the pleadings and docket entries of the police court.

■   It is recognized that a municipal corporation, being a political subdivision of the state, is not liable for fees or court costs in the absence of a particular statute authorizing the same, and this rule applies to criminal as well as civil cases. *Pierce County v. Magnuson,* 70 Wash. 639, 127 Pac. 302, Ann. Cas. 1914B, 889; *State v. Pearl,* 163 Wash. 268, 1 P. (2d) 315; *Department of Labor & Industries v. Ayer,* 185 Wash. 310, 54 P. (2d) 1019.

Rem. Rev. Stat., § 2236 [P. C. § 9202], provides:

"No prisoner or person under recognizance who shall be acquitted by verdict or discharged because no indictment is found against him, or, for want of prosecution, shall be liable for any costs or fees of any officer, . . ."

Rem. Rev. Stat., § 2225 [P. C. § 9203], in part, reads:

"When any person shall be brought before a court, justice of the peace, or other committing magistrate of any county, city or town in this state, having jurisdiction of the alleged offense, charged with the commission of a crime or misdemeanor, and such complaint upon examination shall appear to be unfounded, no costs shall be payable by such acquitted party, but the same shall be chargeable to the county, city, or town for or in which the said complaint is triable; . . ."

In *Spokane v. Smith,* 37 Wash. 583, 79 Pac. 1125, we had the above mentioned statutes under consideration. That case involved a proceeding against the corporation counsel of Spokane. Defendant was tried and convicted in the police court of violation of a city ordinance, and upon appeal to the superior court was found not guilty by a verdict of a jury. A cost bill was filed for the fees and mileage of defendant's witnesses who attended the trial in the superior court. The trial court held these fees were proper charges against the city,

and ordered the corporation counsel to pay the same. Upon appeal, this court held these costs were collectible by statute, but the approval by the corporation counsel was not a condition precedent. We said:

"Bal. Code, § 1627 [Rem. Rev. Stat., § 2225], should undoubtedly be held to make the city liable for all costs, when the defendant is acquitted in the police court, and, inasmuch as he is given the right to appeal from an adverse judgment in the police court, and to have further trial in the superior court, it logically follows that the same disposition as to costs shall be made upon his final acquittal on appeal. This view is also emphasized by Bal. Code, § 7009 [Rem. Rev. Stat., § 2236], which provides that no prisoner who is acquitted shall be liable for costs, but that, in every such case, the defendant's witnesses shall be paid as other costs in the case. It follows that the statutes of the state authorize the recovery of these costs from the city, and, if the ordinance were intended to provide otherwise it would be invalid."

That case has not been overruled or departed from, and we consider that we should adhere to it.

We conclude that the term "costs" as employed in Rem. Rev. Stat., §§ 2225 and 2236, includes the filing, judgment, and jury fees. *State ex rel. Hamilton v. Ayer,* 194 Wash. 165, 77 P. (2d) 610.

It is necessary now to determine what particular statutes are applicable respecting the amounts of costs to be paid.

Rem. Rev. Stat., § 2227 [P. C. § 9205], provides:

"Every person convicted of a crime, or held to bail to keep the peace, shall be liable to all the costs of the proceedings against him, including, when tried by a jury in the superior court, twelve dollars for a jury fee, and when tried by a jury before a committing magistrate, six dollars for jury fee, for which judgment shall be rendered and collection had as in cases of fines. The jury fee, when collected for a case tried by the superior

court, shall be paid to the clerk, to be by him applied as the jury fee in civil cases is applied."

It is urged that the fee schedule prescribed by Rem. Rev. Stat., § 497 [P. C. § 7477-84], is applicable only to civil cases. That the fee schedule is applicable to both criminal and civil cases, is no longer open to question.

In *State v. Armstrong*, 29 Wash. 57, 69 Pac. 392, a cost bill was filed which included clerk's costs, and there we observed:

"It is argued that because the clerk and sheriff are salaried officers, and the county is not required to pay special fees for this class of service, these items are not properly taxable as costs in a criminal cause. We are of the opinion that, since the legislature did not see fit to limit these 'official services' to civil causes, the fees provided were intended to apply to criminal cases as well as civil, . . ."

See, also, *State ex rel. News Pub. Co. v. Milligan*, 4 Wash. 29, 29 Pac. 763; *State v. Rutledge*, 40 Wash. 9, 82 Pac. 126; *State v. Crockett*, 159 Wash. 303, 293 Pac. 287.

Appellant relies upon *In re Permstick*, 3 Wash. 672, 29 Pac. 350, 28 Am. St. 80; *Ilwaco v. Miller*, 8 Wash. 449, 36 Pac. 269. These cases involve the taxing of costs against a complaining witness, and have no application to the liability of a municipality for costs.

The judgment is affirmed on the main appeal, reversed on the cross-appeal, and the case remanded with directions to the trial court to proceed in conformity herewith.

MAIN, MILLARD, GERAGHTY, and SIMPSON, JJ., concur.