[No. 34080.   Department One.   August 1, 1957.]

ARTHUR J. SENNETT, *Respondent*, v. TED ZIMMERMAN *et al.,*
*Appellants.*[1]

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for appellants.

*Frederick B. Cohen,* for respondent.

OTT, J.—August 7, 1954, Arthur J. Sennett was shopping in the Pay Less drugstore in Bremerton, operated by Ted Zimmerman.  His actions were observed by Marcelyn Falin, a store detective and deputy city police officer, who followed him as he left the store.  She stopped Mr. Sennett on the sidewalk in front of the store and accused him of shoplifting.  He was taken to a room in the rear of the drugstore

[1]Reported in 314 P. (2d) 414.

and there detained until the arrival of another city police officer, who took Mr. Sennett into custody.

He was tried in justice court for petit larceny and convicted. He appealed to the superior court and was acquitted by the jury. This proceeding for false arrest and false imprisonment was instituted thereafter. From a judgment in favor of the plaintiff, entered upon the verdict of the jury, the defendants Zimmerman and Falin have appealed.

Appellants' principal assignment of error relates to the refusal of the court to submit to the jury, as a defense, the issue of whether or not the arresting officer had probable cause to believe that a crime had been committed in her presence, and to instructing the jury that their verdict must be "for the plaintiff and against the defendants unless the defendants have proved to you by preponderance of the evidence that the plaintiff *actually committed the misdemeanor* for which he was arrested." (Italics ours.)

Our examination of the record convinces us that appellants made a *prima facie* showing of probable cause.

Is probable cause to believe that a misdemeanor is being committed in the presence of an officer, sufficient justification for making an arrest without a warrant?

In support of his contention that an officer is without authority to make an arrest without a warrant, unless a misdemeanor was actually committed, respondent cites *Tacoma v. Houston*, 27 Wn. (2d) 215, 177 P. (2d) 886 (1947), *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390 (1922), and *Mitchell v. Hughes*, 104 Wash. 231, 176 Pac. 26 (1918).

In none of the cited cases did the conduct of the accused which gave rise to the belief that an offense was being committed take place in the *presence* of the arresting officer. In each of the cited cases, the arresting officer was acting upon information received from third persons and upon which he relied. In the cited cases, the officer was not acting in reliance upon his personal observation of the circumstances.

In *Coles v. McNamara*, 136 Wash. 624, 627, 241 Pac. 1 (1925), this court approved the following instruction:

" 'I instruct you that it is immaterial whether or not the plaintiff was actually violating the law at the time of the arrest if in fact his conduct was such as to lead a reasonably prudent officer to believe in good faith he was violating the law.' "

The decision in the *Coles* case is in accordance with the general doctrine throughout the United States. As was stated in *Garske v. United States*, 1 F. (2d) 620, 622 (1924):

"It is the well-established doctrine now throughout the United States that for a crime, which they have probable cause to believe is being committed in their presence, *though it be a misdemeanor*, duly authorized peace officers may make arrest without a warrant. The probable cause which will justify arrest for a misdemeanor without a warrant must be a judgment based on personal knowledge acquired at the time through the senses, or inferences properly to be drawn from the testimony of the senses." (Italics ours.)

Police officers should not be required to guarantee the correctness of their determination that an offense is, in fact, being committed, in order to justify making an arrest without a warrant. An officer is often called upon to make a prompt decision, based upon his visual interpretation of the conduct of others which he witnesses. If the circumstances are such as would cause a reasonable person to believe that a crime is being committed in his presence, then the officer can be said to have probable cause and is immune from liability for acting in good faith upon that belief. To require police officers to be insurers of the correctness of their judgment would hamper them in the performance of their duties. Under such circumstances, they would be most reluctant to make any arrests for fear that they would be held liable for having made an honest and reasonable mistake.

Similar reasoning was expressed in *Coverstone v. Davies*, 38 Cal. (2d) 315, 321, 239 P. (2d) 876 (1952), where the supreme court of California stated:

"It is thus manifest that the day-to-day problems of law enforcement require that peace officers be allowed to act without fear of being held liable upon the facts as they see

them, provided such facts would lead a reasonable person to conclude that he was witnessing the commission of a public offense by the person arrested."

█ We hold that a police officer is entitled to make an arrest without a warrant, when he has reasonable cause to believe that a crime is being committed in his presence. It was reversible error to have refused to submit the defense of probable cause to the jury, and to have instructed the jury as indicated above.

█ Respondent contends that the appellant Falin does not have immunity greater than that of an ordinary citizen, for the reason that she was an employee of the appellant Zimmerman and not of the Bremerton police department. It is not disputed that she was a regularly deputized police officer of the city of Bremerton. If, as contended by the respondent, the deputation confers upon an individual no greater authority than that possessed by an ordinary citizen, there would be no reason for a municipality to make such an appointment, or for a citizen to accept the added responsibilities of the office. In the absence of some express limitation of authority, such an appointment confers upon the person appointed the same powers of arrest as are conferred upon police officers who are regularly employed by the city.

The record sustains the court's determination that the appellant Falin possessed the same authority to arrest as a regular police officer of the city of Bremerton.

We have not discussed the alleged error with reference to the selection of the jury for the reason that such alleged error, in all probability, will not reoccur upon a subsequent trial.

We find no merit in the remaining assignments of error.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.

November 15, 1957. Petition for rehearing denied.