[No. 35871.   En Banc.   February 7, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT TWITCHELL, *Appellant.**

*Reported in 378 P. (2d) 444.

*Clay Nixon* and *Robert L. Butler*, for appellant.
*E. Lloyd Meeds*, for respondent.

ROSELLINI, J.—On January 22, 1960, a grand jury convened in Snohomish County caused to be filed an indictment consisting of three counts, in each of which the appellant, as Sheriff of Snohomish County, was charged with the crime of wilful neglect of duty in that he knowingly, without making a complaint and without making an arrest, permitted the keeping of a house of prostitution and the practice of prostitution within the county. On two of the counts, he was found guilty by a petit jury and has appealed from the judgment and sentence entered on the verdict.

The assignments of error will be discussed in the order in which they are argued in the appellant's brief.

It is the first contention that the grand jury proceedings were erroneously conducted in that an unauthorized person, not required or permitted by law to attend the sessions of the grand jury, was present before that jury during the investigation of the allegations of the indictment. The theory which the appellant advances in support of this contention is that John C. Vertrees, an attorney at law who was appointed with Storrs B. Clough to aid in the investigation and presentation of matters of testimony to the grand jury, was commissioned as an honorary deputy sheriff and thereby disqualified to practice law and that consequently he was not authorized to appear before the grand jury in the capacity of special deputy prosecuting attorney.

RCW 10.28.070 relates to the duty of the prosecuting attorney to attend on the grand jury:

"The prosecuting attorney shall attend on the grand jury for the purpose of examining witnesses and giving them such advice as they may ask."

A deputy prosecuting attorney, having the same powers as a prosecuting attorney, is authorized to appear in the grand jury room. *State v. Austin*, 136 Wash. 499, 240 Pac. 676. RCW 36.27.040 provides for the appointment of special deputy prosecuting attorneys to assist the prosecuting attorney in the performance of his statutory duties and requires that they be attorneys admitted to practice before the courts of this state.

RCW 10.40.070 provides that a motion to set aside the indictment must be sustained if it is made on any one of certain enumerated grounds, one of which is

"(3) When any person, other than the grand jurors, was present before the grand jury . . . during the investigation of the charge, except as required or permitted by law."

Deputy sheriffs are forbidden to practice law under RCW 2.48.200 and 36.28.110. The latter statute provides: "No sheriff or deputy sheriff shall appear or practice as attorney in any court, except in their [sic] own defense."

The appellant moved to set aside the indictment, relying solely, insofar as the record reveals, upon an affidavit of Tim McCullough, Sheriff of King County, in which he said that Vertrees had been regularly commissioned and enrolled on the 18th day of December, 1959, as a deputy sheriff, of the classification of Honorary Deputy Sheriff with full powers, for the county of King, and that his commission had not been resigned nor revoked.

It would appear from the statutes set forth above that, if Vertrees was a deputy sheriff at the time of the grand jury investigation, he could not act as a special deputy prosecuting attorney because he could not practice law. The statutes forbidding deputy sheriffs to practice law have not been before this court before, and we must now determine whether the unilateral act of a sheriff, in commissioning and enrolling an attorney as a special deputy, can operate to deprive the attorney of his right to practice law, since that is the sole question before us on the facts as they appear in the record, which is silent as to whether Vertrees accepted the commission, either expressly or by entering upon the duties of the office; and since the burden is upon the appellant to establish the facts which would disqualify the deputy prosecuting attorney according to his theory, we assume that Vertrees performed no affirmative act of acceptance.

The result of a holding that a sheriff does have the power to deprive an attorney of his right to practice law, simply by issuing to him a commission and enrolling him as a

deputy, would be that attorneys would be placed at the mercy of their respective county sheriffs. The court depends a great deal upon lawyers as a class, if not always as individuals, and is naturally inclined to take a protective attitude toward them, so long as the public is not harmed thereby. The right to practice law is a valuable right, even if it is only a privilege, and it will not be assumed that an attorney will abandon it lightly. There appears no valid reason why an attorney, in the pursuit of his profession, which is an honorable one, should be subjected to the feeling of insecurity which would most undoubtedly follow from the knowledge that he can be "disbarred" at any moment by a sheriff who may happen to have a grudge against him, and even without his awareness that the "disbarment" has taken place.

We hold, therefore, that the issuance of a commission and enrolling of an attorney as a deputy sheriff does not operate to disqualify him to practice law, in the absence of an affirmative acceptance of the commission on his part. It follows that special deputy prosecutor Vertrees was entitled to practice law at the time of the grand jury investigation and was not an unauthorized person in the grand jury room.

The next contention of the appellant is that there was insufficient evidence to convict him.

The crime of wilful neglect of duty is defined in RCW 42.20.100:

"Whenever any duty is enjoined by law upon any public officer or other person holding any public trust or employment, their wilful neglect to perform such duty, except where otherwise specially provided for, shall be a misdemeanor."

It was charged in the indictment that the appellant

". . . did wilfully, and knowingly fail and neglect to perform a duty enjoined upon him by law, in that he knowingly, without making a Complaint and without making an arrest, permitted the keeping of a house of prostitution and the practice of prostitution, each of which constitutes a breach of the peace and a public offense . . . when it is the duty of the said ROBERT TWITCHELL as Sheriff for the County of Snohomish, to make Complaints

of all violations of the criminal law which shall come to his knowledge within Snohomish County and to arrest and commit all persons who break the peace or attempt to break the peace, and all persons guilty of public offense."

The appellant concedes that the indictment correctly states his relevant duties, which are set forth in RCW 36-.28.010 (1) and (6), and RCW 36.28.011. His brief, under the second heading, contains an excellent discussion of the applicable criminal law, and some that is inapplicable, but the only portion of it which is directed to the question whether the evidence was sufficient to support the verdict is contained in the following paragraph, which follows a quotation of some of the testimony:

"The plain fact of the matter is that the jury was requested to agree or disagree with the method in which the appellant was attempting to perform the duties of his office. If the jury disagreed with the method employed by the appellant then they would find the appellant guilty of a crime. The appellant pursued the method of surveillance to suppress the crime of prostitution, refer to the statement of the case. The respondent, with the sanction of the trial court, convinced the jury that the appellant violated his oath of office by not using the 'mark' method of suppressing prostitution. This does not constitute the crime of nonfeasance."

While the appellant does not say so directly in his brief, the only conclusion we can draw from this paragraph is that it is his contention that his duties as sheriff were discretionary, not ministerial. But this is not the case. The statute places upon the sheriff the mandatory duty to make complaint of any violation of the criminal law which comes to his knowledge and to arrest and commit any person who breaks the peace. He is not given discretion to determine whether a violation of the law is better handled by "surveillance" than by complaint or by arrest and commitment. The sole question before the jury was whether the appellant had performed these ministerial duties, and its verdict was that he had not. There was ample evidence to support this verdict—evidence that prostitution was carried on in the places alleged, that the appellant had full knowledge

of it, and far from making complaints or arrests, condoned it. We find no merit in the assignments of error pertaining to the sufficiency of the evidence.

■ The third contention of the appellant is that the trial court, by setting forth in its instructions the charges contained in the indictment, in effect allowed the pleadings to go to the jury room. The only case which he cites in his argument, *State v. Ramos,* 159 Wash. 599, 294 Pac. 223, held that there was no merit in this precise contention, which was made there. We said:

". . . Neither the letter nor the spirit of the rule [that pleadings shall not go to the jury room] was violated. That rule was not intended, nor will it be allowed, to interfere with the giving of instructions necessary to call attention to the essential issues in the case."

Nor is there merit in the appellant's argument that, by giving additional instructions defining the elements of the crimes which the state was obliged to prove, the court made the instructions unduly repetitious. Those instructions favored the appellant, for they pointed out to the jury the full extent of the burden of proof which rested upon the state. Had they not been given, we have no doubt that the appellant would be here now complaining of the omission.

The next contention of the appellant is that the court erred in instructing the jury on the law of arrest for a misdemeanor without a warrant. The court instructed the jury:

"The crimes of practicing prostitution and the keeping of a house of prostitution are Gross Misdemeanors under the laws of this State.

"A police officer is entitled to make an arrest for a Gross Misdemeanor without a warrant although the one arrested is not actually violating the law at the time of the arrest if in fact the person's conduct is such as to lead a reasonably prudent officer to believe in good faith that the person is violating the law in the officer's presence."

■ Again, the appellant concedes the law to be that an officer may arrest for a misdemeanor under circumstances which would lead a reasonably prudent officer to believe in good faith that there was a violation, and cites

the case of *Coles v. McNamara*, 131 Wash. 377, 230 Pac. 430, 136 Wash. 624, 241 Pac. 1, as the leading authority in this jurisdiction. Another and more recent case so holding is *Sennett v. Zimmerman*, 50 Wn. (2d) 649, 314 P. (2d) 414. The instruction was appropriate in this case because the jury had before it the question whether the appellant was diligent in making arrests, and this question could not be properly decided if the jury was not informed concerning the circumstances under which an officer could make an arrest without risking civil liability. As the appellant points out in his brief, the instruction given correctly states the law.

■ Error is assigned to the refusal of the appellant's requested instruction on the law of arrest. As the appellant concedes, the instruction was incomplete and made no reference to the right to arrest where there is probable cause to believe that a misdemeanor is being committed. It is not error to refuse an instruction which incorrectly states the law. *Robillard v. Selah-Moxee Irr. Dist.*, 54 Wn. (2d) 582, 343 P. (2d) 565.

■ Error is also assigned to the refusal of a requested instruction stating when a warrant of arrest will issue. Since the appellant was not charged with the duty of issuing warrants, there was no question for the jury to determine in this regard, and the requested instruction was properly refused.

It is finally urged that the trial court was in error in refusing to strike the cost bill, or in the alternative, to strike portions thereof. In support of this contention, the appellant argues first that there is no statutory authority for the assessment of costs against a defendant who is tried on a charge which is a mere misdemeanor, because no procedure for collection is provided.

RCW 10.46.190 provides:

"Every person convicted of a crime or held to bail to keep the peace, shall be liable to all the costs of the proceedings against him, including, when tried by a jury in the superior court, a jury fee as provided for in civil actions, and when tried by a jury before a committing magistrate, six dollars for jury fee, for which judgment shall be ren-

dered and collection had as in cases of fines. The jury fee, when collected for a case tried by the superior court, shall be paid to the clerk, to be by him applied as the jury fee in civil cases is applied."

The statute provides that judgment shall be rendered and collection had as in cases of fines. The procedure in cases of fines is set forth in RCW chapter 10.82. The objection raised by the appellant is without merit.

■ It is also objected that the statute is unconstitutional in that it deprives the appellant of his property without due process, contrary to the provisions of Art. 1, § 3, of the state constitution. This contention is founded upon the theory that the defendant in a criminal action is not entitled to notice of the contents of the cost bill and a right to raise objections to it. It is true that there is no express provision in the statute for notice or for the raising of objections. RCW 4.84.200 provides that any person aggrieved by the taxation of costs by the clerk may have the same retaxed by the court. If this applies only in civil actions, there is no statutory authorization of a motion to retax in criminal cases. The question raised by the appellant has not been before this court before, insofar as our research and that of the parties reveal. In approaching it, we have in mind the well-established rule of statutory construction that a statute will be so construed as to render it constitutional if such an interpretation is possible.

■ The statute in question does not provide expressly for the raising of objections to a cost bill, but neither does it provide that the clerk shall tax the costs, nor that the costs shall be taxed according to the schedule of fees to be found in the statutes pertaining to civil actions. If only the words of the statute are to be given effect, it is too indefinite to provide a guide for the taxation of costs. It must be assumed that the legislature had in mind the statutes applicable in civil actions, and in the statutes pertaining to the liability for costs in criminal actions, found it necessary to provide only for those matters which are not covered by the civil statutes or which are in conflict with them. The cases of *King Cy. v. Seattle*, 195 Wash. 293,

80 P. (2d) 838, and *State v. Armstrong*, 29 Wash. 57, 69 Pac. 392, are in accord with this view. In those cases it was contended that the fee schedule prescribed by Rem. Rev. Stat. § 497, prescribing the fees to be paid officers of the court for their official services, was applicable only to civil cases, and therefore fees of these officers should not be taxed as costs. This court held that, because the legislature

".  .  . did not see fit to limit these 'official services' to civil causes, the fees provided were intended to apply to criminal cases as well as civil,  .  .  ."

Applying that principle here, we observe that the statute before us is not, by its terms, limited in its application to civil causes, therefore, the procedure prescribed for taxing costs and taking objections was meant to apply in criminal as well as in civil cases.

▬ The alternative contention by the appellant that one third of the costs should have been assessed against the state because he was acquitted on one count cannot be sustained for the reason that he has made no attempt to show that one third of the costs, or any portion of them, was attributable solely to the prosecution of the count on which he was acquitted. The appellant does not deny that the same witnesses testified on all counts.

In the case of *State v. Birch*, 183 Wash. 670, 49 P. (2d) 921, the accused, charged on two counts, was acquitted on one count, and after a new trial, was convicted on the second count. It was held that the accused should pay all of the costs of both trials, inasmuch as the same witnesses testified on both counts, and the expenses would have been the same had he been tried on a single count.

The same situation is presented here. We need not decide, therefore, what the outcome would be if the appellant had been able to show that certain of the costs were attributable solely to the count on which he was acquitted.

The judgment is affirmed.

OTT, C. J., HILL, DONWORTH, FINLEY, HUNTER, and HAMILTON, JJ., concur.

WEAVER, J. (concurring)—I concur in the result and the reasoning of the majority opinion with one exception. I find nothing in the statutes authorizing or establishing the position of "honorary deputy sheriff"; hence, the designation or appointment of John C. Vertrees as an "honorary deputy sheriff" was a nullity and in nowise disqualified him from the practice of law pursuant to RCW 2.48.200 and RCW 36.28.110.

March 22, 1963. Petition for rehearing denied.

*Reported in 378 P. (2d) 420.