332

[No. 596-1.   Division One—Panel 1.   July 12, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANCIS CLAYTON PALMER, *Appellant.*

*Kerr & Zderic* and *Robert G. Kerr,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Albert A. Rinaldi, Jr., Deputy,* for respondent.

WILLIAMS, J.—Defendant, Francis Clayton Palmer, was convicted in superior court of committing three misdemeanors: unlawful possession of burglar tools, petit larceny, and unlawful possession of a dangerous drug. His appeal, submitted on an agreed statement of facts, presents the sole question of the legality of the search of his house and seizure of items which were used at the trial to convict him.

The facts are these: Detectives of the Auburn Police Department located a car which has been reported stolen. A woman entered the car which was parked in the vicinity of appellant's home and drove off. When detectives stopped her, she said the car belonged to appellant. The officers booked the woman and then went to the home of appellant, knocked on the door, and were invited into the living room to wait while he dressed. Appellant then produced a certifi-

cate of ownership of the vehicle and the officers requested that he accompany them to the police station to secure the release of the woman.

While the officers were waiting in appellant's living room, they saw the tools in question in plain view, as well as new items of merchandise which were similar to property reported taken in recent burglaries in the vicinity.

At the police station, appellant secured the release of the woman and left. The officers telephoned the prosecuting attorney and were advised that they could arrest the appellant for unlawful possession of burglar tools. They then returned to appellant's home and knocked on the kitchen door. When appellant answered, he was arrested. The tools were not visible from the kitchen door, but when appellant asked what burglar tools he was charged with having in possession, one of the detectives took two or three steps toward the living room door and pointed to the tools they had previously seen while waiting for appellant to dress. The officers then searched the house and seized the items which were admitted in evidence and led to appellant's conviction on all three counts. Less than an hour elapsed from the initial contact of appellant to his arrest.

These events occurred before *Chimel v. California,* 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969), which is not to be applied retroactively; *Williams v. United States,* 401 U.S. 646, 28 L. Ed. 2d 388, 91 S. Ct. 1148 (1971). The search and seizure were allowable under pre-*Chimel* decisions, if appellant's arrest was legal. *State v. Cook,* 70 Wn.2d 715, 424 P.2d 1006 (1967); *State v. Michaels,* 60 Wn.2d 638, 374 P.2d 989 (1962).

■ An arrest may be made for a misdemeanor if the arresting officer has probable cause to believe that the offense is being committed in his presence. *Tacoma v. Harris,* 73 Wn.2d 123, 436 P.2d 770 (1968); *State v. Twitchell,* 61 Wn.2d 403, 378 P.2d 444 (1963); *Snohomish v. Swoboda,* 1 Wn. App. 292, 461 P.2d 546 (1969). The officers in this case had probable cause to believe that at the time of the arrest appellant had burglar tools in his possession and was

therefore committing a misdemeanor. By "possession" we mean that appellant had the tools in his dominion and under his control, even though they were in the adjoining room of his house. *State v. McDonald,* 74 Wn.2d 474, 445 P.2d 345 (1968).

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.

Petition for rehearing denied September 23, 1971.

Review denied by Supreme Court November 23, 1971.