[No. 24357.   Department One.   February 16, 1933.]

VICTOR PRODUCTS CORPORATION, *Respondent*, v. A. E.
EDWARDS *et al., Appellants.*[1]

*Allen, Froude, Hilen & Askren,* for appellants.

*Hyland, Elvidge & Alvord,* for respondent.

[1]Reported in 18 P. (2d) 1045.

MILLARD, J.—Plaintiff sought recovery of judgment against defendants upon four causes of action. The first and second causes of action were upon promissory notes executed by defendants in favor of the plaintiff. The third cause of action was upon an open account between the parties. The fourth cause of action was upon an agreement guaranteeing payment of the promissory notes and the open account upon which the first, second and third causes of action were based. For its fourth cause of action, plaintiff alleged:

"That heretofore and on, to-wit, the 4th day of June, 1931, the said defendant, A. E. Edwards, for a valuable consideration to him in hand paid, made, executed and delivered to this plaintiff his guaranty agreement, in words, letters and figures as follows:

" 'Victor Products Corporation · June 4, 1931
366 Madison Avenue
New York, N. Y.
Gentlemen:

" 'Our account with you as of this date, representing approximately in open account twenty-five hundred ($2,500), and also two notes, one dated December 30, 1930, in the amount of $835.18, and one dated December 31, 1930, in the amount of $835.19, which open account is subject to some adjustments on account of merchandise yet to be returned.

" 'In consideration of proposed extension of time for settlement of the above mentioned open account and notes, I hereby agree to the following:

" 'That the two notes above mentioned shall be paid in full with interest from their date, within sixty days from the date of this memorandum.

" 'That the balance on open account determined after checking and return of merchandise shall be paid by my execution of four notes for equal amounts covering a period not exceeding six months from July 15, 1931, and I hereby unconditionally, personally, guarantee the payments of the notes above mentioned now in existence and notes to be created in settlement of

open account, the notes to be given as above mentioned bear interest at the rate of 6% from their date to time of payment.                    Yours very truly,
                                        " 'A. E. EDWARDS.'

"(4) That the notes therein mentioned as theretofore given are the notes herein sued upon and the same were not paid within sixty days from the date of the said guaranty, or at all.

"(5) That the four notes therein mentioned to be given to cover the balance on open account mentioned in plaintiff's third cause of action herein, were neither given nor paid and plaintiff is entitled to recover judgment from said defendant A. E. Edwards individually, on account of the notes mentioned in plaintiff's first and second causes of action, and likewise is entitled to judgment against said A. E. Edwards, individually, in the sum represented by the open account sued on herein in plaintiff's third cause of action as being the same sum for which said defendant A. E. Edwards guaranteed the execution of notes for and the payment thereof."

By amended answer, defendants denied that any sum in excess of a designated amount was a reasonable attorney's fee to be allowed in the first and second causes of action; admitted, as to the third cause of action,

". . . that plaintiff within three years last past, at the special instance and request of defendants, sold and delivered to said defendants goods, wares and merchandise and state that they do not have sufficient knowledge upon which to form a belief as to the truth of the allegation that the total value of said merchandise so sold was $17,248.41 and admit the credits set forth in said paragraph and deny each and every other allegation in said paragraph not herein expressly admitted.

"(4) For answer to Paragraphs I, II, III and IV of said fourth cause of action, admit the same and the whole thereof.

"(5) For answer to Paragraph V of said fourth cause of action set forth in said plaintiff's amended

complaint, defendants admit the following: 'That the four notes therein mentioned to be given to cover the balance on open account mentioned in plaintiff's third cause of action herein, were neither given nor paid' and deny each and every other allegation in said paragraph contained not herein expressly admitted.''

For a further answer, and by way of cross-complaint and counterclaim, defendants alleged that, in November or December, 1929, plaintiff falsely represented it had a listing with a company through whose chain of stores in the territory assigned to defendants the sales of plaintiff's products averaged twenty-five to forty dollars per store per month; that, if defendants would undertake to buy and distribute plaintiff's products, defendants would receive all of the business from that chain of stores.

"(6) That defendant and cross-complainant relied upon said representations and believed the same to be true and was thereby induced to purchase and did purchase from plaintiff a stock of its rubber goods, and that the notes and guaranty agreement sued upon by plaintiff herein were given in payment for and concerning such merchandise so purchased in reliance upon said representations, and that in reliance upon such representations said defendant and cross-complainant did undertake the distribution of plaintiff's rubber products throughout the Pacific Coast and that plaintiff assigned to defendant and cross-complainant the exclusive right to sell its rubber products in the following territory . .. .

"(8) That the representation made by the plaintiff through its president and agent, R. J. Funkhouser, that the sales of plaintiff's rubber products to the average Woolworth store on the Pacific Coast was from $25 to $40 per month per store was false and untrue and was known by plaintiff and its said president and agent to be false and untrue at the time said representation was made, and that instead of said sales to an average Woolworth store being from $25 to $40 per store per month said sales did not average over the

sum of $4 per month; and that in January, 1931, the. listing of plaintiff with the F. W. Woolworth Co. was cancelled for the Pacific Coast, and that thereafter it was impossible for defendant and cross-complainant to sell any goods whatsoever to said Woolworth stores.

"(9) That if the purchases of plaintiff's products by the Woolworth stores on the Pacific Coast had been as represented by plaintiff this defendant and cross-complainant would have sold $49,500 worth of plaintiff's products to.the F. W. Woolworth Co. during the year 1930 and would have realized therefrom a net profit of 10%, or $4,950, but that because of the false and fraudulent representations of plaintiff as hereinbefore set forth, the sales of defendant and cross-complainant to the F. W. Woolworth Co. were only $4,928.95. . . ."

and resulted in a total damage of $8,350 to the defendants, who prayed for judgment against the plaintiff in that amount; or, in the alternative, if the court found that defendants were indebted to the plaintiff, that defendants have an offset against such indebtedness on account of the damages sustained by them; and that judgment be rendered in favor of the defendants against the plaintiff for defendants' damages in excess of such offset.

Plaintiff's demurrer to the "affirmative defense in the amended answer and cross-complaint," on the ground that same did not state facts sufficient to constitute a defense, was sustained. Defendants refused to plead further, and their cross-complaint was dismissed. The trial of the action of four causes to the court upon the plaintiff's amended complaint and the answers of defendants thereto, resulted in findings of fact, conclusions of law and judgment in favor of the plaintiff. Defendants have appealed from the order sustaining the demurrer and the judgment of dismissal of their cross-complaint.

The trial court did not err in sustaining the

6

demurrer. The statute (Rem. Rev. Stat., § 264) provides that the answer of the defendant must contain a statement of any new matter constituting a defense or counterclaim. "When it appears upon the face" of that pleading "that such new matter does not constitute a defense or counterclaim," the plaintiff may take advantage thereof by demurrer. Rem. Rev. Stat., § 276.

Appellants admitted in their cross-complaint that the guaranty agreement of June 4, 1931, upon which the fourth cause of action was based, was "given in payment for and concerning such merchandise so purchased in reliance upon said representations." As a defense and counterclaim to the action upon that agreement, the appellants alleged that, by reason of respondent's false representations to them in November or December, 1929, appellants were induced to purchase the merchandise covered by the guaranty agreement; that the false representations were that respondent had a listing with a company through whose chain of one hundred and sixty-five stores appellants' sales of the merchandise would average twenty-five to forty dollars per month per store. Appellants further alleged that the sales did not average in excess of four dollars per month, and that, in January, 1931, the listing of the respondent with the chain stores was cancelled, and that thereafter it was impossible for the appellants to sell any goods to the chain stores; that, if the purchases of respondent's products by the chain stores had been as represented by the respondent, the appellants would have sold merchandise to those stores during the year 1930 in excess of forty-nine thousand dollars.

It appears upon the face of the cross-complaint that the new matter did not constitute a defense or coun-

terclaim. During 1930, the sales averaged four dollars per month instead of twenty-five to forty dollars, as represented. When the listing was cancelled in January, 1931, all sales to the chain stores ceased. Surely, during the twelve months of 1930 and five months of 1931 when all sales had ceased, the appellants knew the amount of their monthly sales to the chain stores during the year 1930. Obviously, the only inference reasonably deducible from the appellants' allegations is that they knew, on or before the date (June 4, 1931) of the execution and delivery of the guaranty agreement, that the representations made in November or December, 1929, were false.

For a valuable consideration, with knowledge of the truth or falsity of the representations, Edwards agreed unconditionally to pay the sums for which the action was brought. Appellants thereby waived their right to maintain an action or counterclaim for the damages claimed to have been sustained as a result of their reliance on the false representations of the respondent. Had appellants pleaded fraud in the execution of the contract, or lack of consideration for the agreement, a different question would have been presented. Admitting the execution of the agreement set up by the respondent, appellants did not plead a valid defense thereto.

Appellants also complain of the order denying their motion to retax costs. The one item involved is "Reporter taking deposition of A. E. Edwards and transcribing the same, $53.70." The item covered the expenses of respondent's attorney in taking the deposition of appellant Edwards to inquire into the defense interposed to the complaint, and to inquire concerning the cross-complaint of the appellants. The demurrer of respondent to the cross-complaint was sustained prior to the taking of the deposition.

8

The court erred. The item should have been disallowed. Costs can be recovered only in cases where a statute so provides. We have no statute making the expenses of a plaintiff's attorney in taking a deposition, such as in the case at bar, taxable as costs. At the time of the enactment of the following provision for taxing costs, the only authority for the taking of depositions was Rem. Rev. Stat., § 1231, which did not provide for the taking of the depositions of a party by his opponent.

"The prevailing party, in addition to allowance for costs, as provided in the last section, shall also be allowed for all necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the necessary expenses of taking depositions, by commission or otherwise, and the compensation of referees." Rem. Rev. Stat., § 482.

The rule (Rule of Practice VIII, Rem. Rev. Stat., § 308-8) of this court that the testimony of a witness, when the witness is a party to the action, may be taken by deposition to be read in evidence in an action commenced and pending in any court in this state, does not authorize taxing, as costs, expenses incurred by a party in taking the deposition of the opposing party for the purpose of preparing for the trial of the pending action, or in ascertaining his rights for his own benefit.

The item of costs to which appellants object should be disallowed, and the judgment should be affirmed. It is so ordered. Respondent will recover costs in this court.

BEALS, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.