[No. 25632. Department One. July 11, 1935.]

J. FRED KENWORTHY et al., Appellants, v. DANIEL KLEINBERG et al., Respondents and Cross-appellants.[1]

Guy E. Kelly and Cheney & Hutcheson, for appellants.

Eggerman & Rosling, for respondents.

TOLMAN, J.—The complaint in this action seeks an injunction, an accounting, and the recovery of dam-

[1]Reported in 47 P. (2d) 825.

ages in the sum of fifty thousand dollars flowing from an alleged breach of contract.

The cause was tried to the court, sitting without a jury, resulting in a judgment establishing (1) that the injunction *pendente lite* had been properly issued, but that the restrictive period having expired, the injunction was discharged and the bond exonerated: (2) awarding a judgment in the favor of the plaintiff Morrison-Kleinberg Company and against the defendants Daniel Kleinberg and the community composed of Daniel Kleinberg and Nettie Kleinberg, his wife, in the sum of three hundred dollars, together with costs against them and Henry Kleinberg, Inc.; and (3) dismissing the action as to the plaintiffs J. Fred Kenworthy and Kenworthy Grain & Milling Company and also as to the defendants Alfred and Lester Kleinberg and their respective wives.

The plaintiffs have appealed from the judgment, and the defendants Daniel Kleinberg and wife and Henry Kleinberg, Inc., gave notice of a cross-appeal. Appellants have moved to dismiss the cross-appeal, and that motion has been confessed. Accordingly, the cross-appeal is hereby dismissed.

There remains in the case only the plaintiff's appeal. The errors assigned thereunder, in practical effect, go only to the amount of the recovery, the refusal to hold liable the respondent Henry Kleinberg, Inc., and Alfred and Lester Kleinberg and the communities of which each is a member, together with a minor question relating to the costs.

The record is very voluminous, and necessarily we shall endeavor to state only such facts as seem absolutely essential. It appears that, prior to August, 1929, respondent Daniel Kleinberg was engaged in the hay and grain business in Yakima and Kittitas counties, operating under the name of Morrison-Kleinberg

Company, with his principal place of business at Ellensburg in Kittitas county; that the business so conducted by Daniel Kleinberg was a successful and well established hay and grain business, in and by which hay, straw and grain were purchased from the growers of the two counties mentioned and sold to dealers in the Puget Sound area and in western Washington generally. At that time, the Kenworthy Grain & Milling Company, one of the appellants, was carrying on a business of the same general nature at Tacoma. Appellant J. Fred Kenworthy was the owner of all of the capital stock of the Kenworthy Grain & Milling Company, except qualifying shares, and was in full control of that corporation.

On August 19, 1929, Daniel Kleinberg sold his business, together with the good will, to J. Fred Kenworthy for the sum of $22,500. The transaction was evidenced by a written contract, which contained the following provision:

"The vendors and each of them hereby agree, as a part of the consideration for this contract, to refrain from entering, either directly or indirectly, into the hay and grain business in Kittitas and Yakima Counties, State of Washington, for a period of five (5) years from the date hereof, except in the employment of the vendee herein or upon the written consent of the said vendee or his assigns.

"It is hereby expressly agreed that the vendee shall have the right, and the same is hereby granted by the vendors to use the firm name and style of Morrison-Kleinberg Company in the conduct of the said business hereby conveyed and the vendee may incorporate said business in said name if he so desires."

Kenworthy caused to be organized, under our corporation laws, the Morrison-Kleinberg Company and to it conveyed practically all of the property which he had thus acquired from Daniel Kleinberg, receiving in payment therefor all of the capital stock of the Mor-

rison-Kleinberg Company, except qualifying shares. Kenworthy, as the owner, principal stockholder and chief officer, continued in the control of both corporations, but somewhat limited the activities of the Morrison-Kleinberg Company so that some of the business theretofore carried on by Daniel Kleinberg, under that name, passed to the Kenworthy Grain & Milling Company.

Henry Kleinberg, Inc., was and is engaged generally in the hay, straw and grain business, with headquarters in Seattle. It buys principally, if not entirely, from dealers in Kittitas and Yakima counties and sells exclusively to dealers in the Puget Sound area and western Washington.

After the sale by Daniel Kleinberg to Kenworthy, Daniel Kleinberg spent his time apparently in California, and in no way undertook to engage in the hay and grain business until about the first of March, 1931, at which time he became a stockholder in Henry Kleinberg, Inc., entered actively into the conduct of that business, became the manager of the Seattle office of the corporation, and, to some extent, visited its trade in western Washington. He also occasionally made trips to Yakima and Kittitas counties in pursuance of the business of Henry Kleinberg, Inc., called upon dealers, and made, perhaps, in rare instances, calls upon growers, but that does not satisfactorily appear. Other facts so far as pertinent will appear as we progress.

It seems to be appellants' contention that, by becoming a stockholder in Henry Kleinberg, Inc., and entering its employ, Daniel Kleinberg breached the provision of the contract which we have quoted; and, if we correctly gather appellants' position, it is to the effect that, so long as Daniel is so employed by it, Henry Kleinberg, Inc., cannot purchase its merchan-

dise in Kittitas and Yakima counties to enable it to sell to its trade elsewhere, notwithstanding the fact that it carried on just that business for many years before Daniel Kleinberg became associated with it. We cannot accept that line of reasoning.

It does not appear that the business of Henry Kleinberg, Inc., has been increased either in its sales or in its buying facilities by the employment of Daniel Kleinberg by it. Nor does it appear that any one of the plaintiffs has been in any way deprived of opportunity to buy hay, straw and grain in Kittitas and Yakima counties; that their needs in that respect have been in any wise limited; that the cost of merchandise has been increased to them by the competitive buying of Henry Kleinberg, Inc., nor can we find in the voluminous record before us evidence of a single instance of actual loss to the appellants or any of them by reason of the employment of Daniel by Henry Kleinberg, Inc., and his activities in such employment. In fact, the record clearly reveals a considerable number of potent reasons, wholly unconnected with the Kleinbergs, which account for the falling off of the business of Morrison-Kleinberg Company and its consequent loss of profits.

There is enough in the record to show a technical violation of the contract by Daniel Kleinberg, and it may be assumed that his activities have been distasteful to the appellants and possibly, in some vague way, may have tended to lessen the profits of some of them, but, as we read the record, if the question were now before us, we should be obliged to hold that there is no basis in the evidence for anything more than nominal damages.

That being so, we cannot see how the dismissal of the action as to the plaintiffs J. Fred Kenworthy and the Kenworthy Grain & Milling Company can,

even if erroneous, be prejudicial. Whether they remain in the action as plaintiffs can only be important if that tends to increase the amount of the recovery. We can find no basis of fact for so holding, and therefore need not pursue this question further. If it was error to dismiss them from the action, which we do not decide, it was error without prejudice.

█ The next question relates to the failure to make Henry Kleinberg, Inc., and Alfred and Lester Kleinberg parties to the judgment. The trial court found that these parties acted in entire good faith without knowledge of the terms of the contract and in no wise with malice; a finding which is entirely justified by the evidence. Under our decision in the case of *Loutzenhiser v. Peck*, 89 Wash. 435, 154 Pac. 814, which seems to be in harmony with the general rule prevailing in other jurisdictions, the facts being as found, no judgment could properly be entered against Henry Kleinberg, Inc., or Alfred or Lester Kleinberg.

█ Finally, we come to the question of costs. Prior to the trial, the appellants took the deposition of Daniel Kleinberg, a party to the action, in Seattle, his place of residence, which was outside of the county where the action was pending and more than one hundred miles distant from the place of trial. Appellant contends that, even though a party to the action and an adverse witness, he was a necessary and material witness for the plaintiffs, and that his deposition was taken because of his residence at a distance from the place of trial pursuant to subdivision 1 of Rem. Rev. Stat., § 1231 [P. C. § 7726].

Notwithstanding that the notice designated that reason, it was within the discretion of the trial court to hold, as he did, that the taking of the deposition was for the purpose of discovery in preparing for the trial of the pending action and, having so found, the case of

*Victor Products Corporation v. Edwards,* 172 Wash. 1, 18 P. (2d) 1045, sustains the order of the trial court in disallowing the cost of the deposition.

The judgment appealed from is in all things affirmed.

MAIN, BEALS, BLAKE, and GERAGHTY, JJ., concur.