[No. 25929. Department Two. February 24, 1936.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant,*
v. ELLIS C. AYER, *Respondent.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Smith Troy* and *E. A. Philbrick,* for respondent.

MAIN, J.—The question in this case is whether the department of labor and industries is entitled, when it appeals from a judgment against it in the superior court, to have the clerk's transcript prepared and delivered to it without liability for the cost thereof.

From a judgment against it in the superior court, the department appealed to this court and requested the clerk of that court to prepare a transcript, which he did. When the department's representative re-

[1] Reported in 54 P. (2d) 1019.

quested the delivery of the transcript, the clerk refused until the costs were paid. Thereupon, the department brought an action in mandamus to compel the clerk to deliver the transcript. Upon the hearing before the superior court in that proceeding, the representative of the department stated that the department denied any liability for the costs and would refuse to approve a bill or voucher therefor. The only costs which the representative of the department conceded were the taxable costs in the event that the judgment appealed from was reversed. The trial court declined to issue a writ and the department has appealed.

█ It will be admitted that the department of labor and industries is an agency of the state and that it is not liable for the costs of the transcript, in the absence of a particular statute authorizing such costs.

Rem. Rev. Stat., § 491 [P. C. § 7472], provides that, in all actions prosecuted in the name and for the use of the state, the state "shall be liable for costs in the same case and to the same extent as private parties." Here is a particular statute, expressly providing that the state is liable for costs to the same extent as private parties and fixing the liability of the department for the costs, unless there is some modifying statute.

Section 505 [P. C. § 7496] provides that all fees are invariably due in advance when demanded by the officer required to perform any official act, and no officer shall be required to perform such act

". . . unless his fees are paid when he demands the same: Provided, this section shall not apply when the officer performs any official act for his county, or for the state."

It will be noted that the proviso, just quoted, does not relieve the state from liability for costs, but only for paying them in advance.

Section 506 [P. C. § 1612] provides that the officers mentioned in this act, one of which is the county clerk, shall not, in any case, except for the state or county, perform any official services unless the fees prescribed for such services are paid in advance. Here, again, the state is not relieved except from advancing the costs.

Section 7697-1 [P. C. § 3488-a] provides that, whenever an appeal is taken from the decision of the division of industrial insurance of the department of labor and industries to any court, all expenses and costs incurred therein by the department of labor and industries, including fees for expert medical testimony, court reporter costs and attorney's fees,

". . . and all costs taxed against such department, shall be paid one-half out of the medical aid fund and one-half out of the accident fund of the state treasury."

This statute recognizes the liability of the department for costs when there is an appeal to any court.

Section 4211 [P. C. § 1604] provides that all salaried officers of the several counties of this state shall charge and collect for the use of their respective counties, and pay into the county treasury on the first Monday in each month,

". . . all the fees now or hereafter allowed by law, paid or chargeable in all cases except such fees as are a charge against the county or state."

By this statute, the county officers are required, at the time therein specified, to pay over to the county treasurer all fees which had been paid or chargeable except fees chargeable against the state.

Section 4213 [P. C. § 1608] is a section of the same act, Laws of 1890, chapter 10, p. 302, as the preceding section mentioned, and provides that fees and compensation collectible or chargeable for the county in

each month shall be paid to the county treasurer on the first Monday of the following month, and must be accompanied by a statement and copy of the fee-book duly verified by the officer making the payment. The form of the affidavit is set out in the section. We find nothing in this section from which it can be concluded that the state has, by any of its provisions, been exonerated from liability for costs.

Since § 491 [P. C. § 7472] is a particular statute making the state liable for costs to the same extent as private parties, and since there are no other statutes which have been called to our attention which relieve the state from that liability, the department in this case was not entitled to the transcript in question while repudiating and declaring that it would not be liable for costs. The department was entitled to the transcript without paying the costs in advance, but it was not entitled to the transcript while repudiating its liability therefor.

Had the representative of the department evidenced a disposition to cooperate with the clerk in the way of approving a bill or voucher for the costs, the situation would be different. In the absence of this expression of willingness or cooperation, the trial court rightly refused to require the clerk to deliver the transcript.

The judgment will be affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.