[No. 26272. Department One. December 14, 1936.]

CHAS. M. THOMSEN HOLDING CORPORATION, *Respondent,*
v. QUEEN CITY BROADCASTING COMPANY, *Appellant.*[1]

*J. Chas. Dennis,* for appellant.
*Eggerman & Rosling,* for respondent.

[1]Reported in 62 P. (2d) 1340.

MAIN, J.—This action was based upon a promissory note. The defendant, in its answer, admitted the execution of the note and affirmatively pleaded two defenses; one was that of payment, and the other estoppel. The trial was to the court without a jury, and resulted in findings of fact from which it was concluded that neither of the affirmative defenses was sustained by the evidence. From the judgment entered upon the note for the principal sum thereof and interest, the defendant appeals.

The Queen City Broadcasting Company, the appellant, a corporation, is the owner and operator of a radio station in the city of Seattle. By its articles of incorporation, the appellant was authorized to issue twenty-five hundred shares of non-par value stock. This stock was all turned over in payment of the radio station when it was acquired by the corporation. After the transfer of the station to the corporation and the stock issued in payment thereof, seventeen hundred shares went to the Chas. M. Thomsen Holding Corporation, all the stock of which was owned by Charles M. Thomsen and the members of the family, two hundred shares to H. Ray DeChenne, who was the secretary and treasurer of the corporation, and one hundred shares to R. T. Evans, who was the manager of the radio station. Five hundred shares were turned back to the corporation as treasury stock.

In order to make the necessary repairs and improvements upon the station, Charles M. Thomsen advanced the sum of approximately $3,150. For this, a note was given, dated January 1, 1932, and signed by the appellant. December 7, 1931, the board of trustees of the appellant corporation passed a resolution in which it was recited that the money advanced by Thomsen, as evidenced by the company's demand note, "may at the holder's option, be applied in the purchase price of the

company's treasury stock on the basis of $10 per share.''

January 15, 1934, Saul Haas purchased the five hundred shares of treasury stock for the sum of five hundred dollars. Thereafter, he became a director and officer of the corporation. Subsequently, on March 6, 1934, Haas acquired two hundred additional shares. April 30, 1934, Haas secured an option to purchase the additional fifteen hundred shares which were held by the Chas. M. Thomsen Holding Corporation, the purchase price of which was twenty thousand dollars. This option was good for a period of two years. Before the two years expired, and on June 1, 1935, Haas exercised his option to purchase. Thereafter, the present action was brought, as above stated.

As to the defense of payment, the trial court found that this had ''not been sustained by the defendant and said note is wholly unpaid.'' The contention that the note was paid was based on the assumption that Thomsen had exercised his option to purchase the stock, and in that way the note became liquidated. There is no evidence from which it can be inferred that Thomsen at any time exercised the option which was given him in the resolution. The trial court correctly held that the note had not been paid.

As to the defense of estoppel, this appears to be based upon claimed false representations made to Haas at the time he made the purchase of the fifteen hundred shares of stock. For some time prior to this, Haas had been a director and officer of the corporation, and the evidence shows that he was fully informed as to the appellant's financial condition. It is true that, in the option contract, as well as in a letter written by Thomsen a few days prior to the time the option contract was signed, it is stated:

"That the Broadcasting Company is indebted to Chas. M. Thomsen in the sum of $3,500.00, and is not otherwise indebted except for current bills for maintenance and operation. . . ."

Almost the same language, as stated, appears in Thomsen's letter. The fact that these writings stated that the indebtedness represented by the note was to Thomsen individually rather than to the Thomsen Holding Corporation, is of no material consequence. The question is whether there was misrepresentation as to the indebtedness and the amount thereof. Whether the note was payable to Thomsen or to the corporation, could in no wise prejudice the appellant. As already stated, the financial condition of the corporation at the time the option was taken, as appears from the evidence, was well known to Haas. Upon this matter, the trial court found that the

". . . option was thereafter exercised by the said Haas with full knowledge of the facts and misrepresentations, if any, were thereby waived; . . ."

If Haas, at the time he exercised the option, was aware of the misrepresentations, if there were any, he cannot later avail himself thereof, because of his knowledge, when the contract was purely executory. The rule is that knowledge of fraudulent representations, while a contract is purely executory, will prevent reliance upon such representations after the contract has become executed. *Jacobson v. Nicholas,* 155 Wash. 234, 283 Pac. 684; *Victor Products Corp. v. Edwards,* 172 Wash. 1, 18 P. (2d) 1045.

The rule that, if, in making a contract, the parties agree upon, or assume the existence of, a particular fact as the basis of their negotiations, they are estopped to deny the fact so long as the contract stands, in the absence of fraud or mistake, is not applicable to the facts of this case, because, as pointed

out, the mistake in stating to whom the note was payable was a matter that was wholly immaterial.

It is also said that the trial court should have admitted certain evidence of which there was an offer of proof. But we find no error in this regard.

Without so deciding, it has been assumed that the appellant had a right to rely on its defense of estoppel by reason of an assignment which Haas made to the appellant of any right of estoppel that he would have had, had an action been brought against him individually.

The judgment will be affirmed.

MILLARD, C. J., STEINERT, GERAGHTY, and BLAKE, JJ., concur.