[No. 26940. Department One. March 22, 1938.]

THE STATE OF WASHINGTON, *on the Relation of G. W. Hamilton, as Attorney General, Appellant,* v. E. C. AYER, *as County Clerk of Thurston County, Respondent.*[1]

*The Attorney General, W. A. Toner,* and *William H. Pemberton, Assistants,* for appellant.

*Smith Troy, E. A. Philbrick,* and *John S. Lynch, Jr.,* for respondent.

HOLCOMB, J.—This case involves an application by the state for a writ of mandate to compel respondent to file a certain summons and complaint without requiring relator to arrange for the payment of the cost of filing same.

August 26, 1937, relator presented to the clerk of the superior court of Thurston county, for filing, a summons and complaint in which the state of Washington was plaintiff and Thurston county and its county commissioners were named defendants. On the same

[1]Reported in 77 P. (2d) 610.

day respondent advised the attorney general of the state, by letter, that, relying upon the advice of the prosecuting attorney of Thurston county, he was deferring the filing of the summons and complaint above mentioned until payment of the filing fee by relator, or until he was assured the filing fee would be paid by the state. Relator contends that the withholding of these pleadings is unlawful, and that the clerk is under a duty to file summons and complaints in which the state is a party plaintiff without requiring any assurance of payment of filing fees which the clerk ordinarily exacts from private individuals.

Respondent answered, admitting that he was withholding the filing of the summons and complaint; that he had been informed by the attorney general that Thurston county is not entitled to reimbursement for statutory costs and fees in actions wherein the state, or any of its departments, was or is a party; and that he was informed that any voucher for court costs and fees coming through the state auditor's office and being presented to the office of the attorney general for approval, would be rejected by that office. Respondent therefore prayed that the application for a writ of mandate be denied.

The lower court denied the writ, and the state appeals, assigning as error the holding of the trial court that filing fees were collectible by the clerk of the superior court for cases filed on behalf of the county or state as well as costs. Notwithstanding the fact that the assignment of error embraces both the liability of the state and the county with respect to filing fees, the sole question in issue is whether the state is liable to the county clerk for filing fees for summons and complaints tendered by it, the same as are private parties.

The statutes relevant to the question before us are these:

Rem. Rev. Stat., § 474 [P. C. § 7456], provides that the prevailing party shall be allowed certain sums by way of indemnity for his expenses in the action, termed "costs."

Rem. Rev. Stat., § 491 [P. C. § 7472], reads:

*"In all actions prosecuted in the name and for the use of the state,* or in the name and for the use of any county, *the state* or county *shall be liable for costs in the same case and to the same extent as private parties."* (Italics ours.)

Under the provisions of Rem. Rev. Stat., § 505 [P. C. § 7496], the state is not obligated to pay its fees *in advance,* as is the case with private individuals.

Relator cites a number of authorities to the effect that it was the legislative intent to exclude the state from the operation of the statutes unless the contrary appears therein, either expressly or by necessary implication. These cases are not applicable here unless the term "costs" does not include "fees," inasmuch as § 491, *supra,* expressly includes the state within its terms.

The state urges that there is a distinction between costs and fees as used in the statutes of this state. Decisions from a number of other jurisdictions have been cited, but they are not decisive here, because the question must be resolved by the construction which should be placed upon the language employed in our statutes relating to this subject.

While it is conceded that the terms "costs" and "fees" are not synonymous, these terms are often used interchangeably as having the same application. 15 C. J. 20, § 2; *Alexander v. Harrison,* 2 Ind. App. 47, 28 N. E. 119; *Bohart v. Anderson,* 24 Okla. 82, 103 Pac. 742, 20 Ann. Cas. 142.

The term "costs," as employed in Rem. Rev. Stat., §§ 474, 491 and 505, is a broad, comprehensive term,

which includes filing fees provided for in the schedule set out in Rem. Rev. Stat., § 497 [P. C. § 7477-84].

Rem. Rev. Stat., § 491, expressly places the state in the same position as private litigants in so far as its liability for costs and filing fees payable to the clerk of the superior court is concerned, except as otherwise provided by statute. There is no conflict in the decision in *Furnia v. Grays Harbor County,* 158 Wash. 619, 291 Pac. 1111, with this conclusion.

That this was the legislative intent, is further shown by the fact that, if the legislature had intended to exonerate the state completely from liability for costs, it could have done so specifically, as was done with respect to state inheritance tax litigation. Laws of 1935, chapter 180, p. 771, § 107, Rem. Rev. Stat. (Sup.), § 11202-1 (q) [P. C. § 7030-167]; *In re Carvill's Estate,* 181 Wash. 627, 44 P. (2d) 768, 47 P. (2d) 825. Our attention has been directed to no specific statutory exception applicable to the present case.

It is suggested that relator's position is supported by Rem. Rev. Stat., §§ 4211, 4212 and 4213 [P. C. §§ 1604, 1605, 1608], which provide that all salaried officers of the several counties shall keep a fee book and pay into the county treasury on the first Monday in each month all fees paid or chargeable in all cases except such fees as are a charge against the county or state.

In *Department of Labor & Industries v. Ayer,* 185 Wash. 310, 54 P. (2d) 1019, in which we held the state department of labor and industries is liable to the clerk of the superior court for the expenses incident to the preparation of a transcript when it appeals from the judgment against it, we had the above mentioned statutes under consideration, and concluded that these statutes did not exonerate the state from liability for costs. We find no reason for disturbing that holding, and conclude that what we have said therein is like-

wise applicable to the liability of the state for filing fees.

While the state was entitled to have its summons and complaint filed without paying the filing fees in advance, it was also required to indicate a willingness to pay the requisite filing fee and could not disclaim liability therefor.

The judgment of the trial court is therefore affirmed.

STEINERT, C. J., MAIN, and SIMPSON, JJ., concur.

GERAGHTY, J., dissents.