[No. 32641.   Department Two.   April 15, 1954.]

FRED A. RUNG et al., *Respondents*, v. DENNIS RADKE, *a Minor, by William H. Gates, Jr., his Guardian ad Litem, Appellant.*[1]

[1]Reported in 269 P. (2d) 584.

*Frederick B. Cohen, John E. Bowen,* and *Morris H. Sachs,* for appellant.

*R. W. Miller,* for respondents.

HILL, J.—This is an appeal from an order granting a new trial in an action for personal injuries after a verdict for the defendant. The trial court held that substantial justice had not been done and gave the reasons for its conclusion as follows:

"1. The plaintiffs proved by the defendant's own testimony for the purpose of impeachment that he had been convicted of a crime. The Court erroneously permitted the defendant to explain this conviction. See *State vs. Johnson,* 141 Wash. 324 [251 Pac. 589]. Counsel for the defendant exploited the circumstances of the conviction and the preceding events in such a way as to convey to the jury that the defendant had been unjustly prosecuted and convicted with the result that the jury must have been unduly prejudiced in his favor and against the plaintiffs.

"2. Counsel for the defendant was allowed to elicit from the plaintiff the fact that he was not employed, but was a recipient of a state pension. Counsel emphasized this fact

to the jury, holding the plaintiff up to ridicule and scorn. The plaintiff had not asked recovery for loss of income. His employment or unemployment were not issues in the case, and were immaterial. It was improper to attempt to impeach his character when his character had not been offered in evidence. This resulted in a prejudice to the plaintiff's right to have a fair trial."

As we will make frequent references to the trial court's reasons for granting a new trial, to avoid confusion we will refer to the parties as plaintiff and defendant throughout the opinion.

The seventy-nine-year-old plaintiff sued the minor defendant, Dennis Radke, for injuries sustained from a fall which occurred when a car driven by the defendant struck the rear bumper of a parked car against which the plaintiff was leaning.

The defendant was asked on cross-examination whether he had been convicted in the municipal court on November 30, 1951, on his plea of guilty to operating a motor vehicle while his license was suspended or revoked. His reply was yes. On redirect examination he was permitted to testify that he had never been convicted of any crime for which his license was revoked or suspended, and to show that his license had not been revoked by proper authority at the time he entered the plea referred to.

The conviction of crime may be shown to affect the credibility of a witness. RCW 5.60.040 [cf. Rem. Rev. Stat., § 1212]; RCW 10.52.030, Rem. Rev. Stat., § 2290. (Both parties here seem to take it for granted that the latter statute is applicable to the present case, and we shall, for the purposes of this opinion, make the same assumption.) We do not discuss what constitutes a crime, as that question is not raised on this appeal.

Where evidence of a prior conviction of a crime is offered for the purpose of affecting the credibility of a witness, either party may show the nature of the offense by proof of any facts which the record of conviction itself shows, because

" . . . it is the common knowledge of every one conver-

sant with the criminal statutes that acts are denounced by them as crimes, the conviction of which would have but little, if any, bearing on the weight of the testimony of the person convicted, given in another cause, while there are others of a nature so depraved that a conviction for their violation would be to put the perpetrator beyond the pale of consideration in the minds of all right-thinking people." *State v. Steele*, 150 Wash. 466, 469, 273 Pac. 742 (1929).

However, the question of whether the witness was guilty of the crime of which he had been convicted is not material on the issue of credibility, and presents a collateral issue into which the courts will not inquire. *Coles v. McNamara*, 136 Wash. 624, 241 Pac. 1 (1925); *State v. Evans*, 145 Wash. 4, 258 Pac. 845 (1927). It follows that the trial court erred in permitting the defendant to testify that he was not guilty of the offense to which he had entered a plea of guilty, and in permitting him to explain why.

The jury was instructed that the testimony relative to the defendant's conviction of a crime was not to be considered as evidence tending to show that he was at fault in this case, or as evidence of anything in this case, and that it could be considered only in determining the weight and credibility of his testimony. Even if we assume that the effect of admitting testimony relative to the guilt or innocence of the defendant completely nullified the attempted impeachment, we would still have for consideration the weight which the jury could have attached to the impeachment if there had been no explanation of the prior conviction except a showing as to the nature of the crime.

In view of the nature of the offense, it would seem to us that the conviction, unexplained, "would have but little, if any, bearing on the weight of the testimony" of the defendant. We do not overlook the trial court's statement that the prejudicial effect of the testimony erroneously admitted lay in the fact that the counsel for defendant exploited the circumstances of the conviction and the preceding events in such a way as to convey to the jury that the defendant had been unjustly convicted, with the result that the jury must have been unduly prejudiced in his favor and

against the plaintiff. There is nothing to indicate that the plaintiff had anything to do with the defendant's conviction. The only thing that we can find in the record which indicates any attempt on the part of defendant's counsel to capitalize on the testimony erroneously admitted is the following excerpt from his argument to the jury:

"The question is as to the fact that they claim Dennis has been convicted of a crime. The evidence was that he pleaded guilty to the crime of driving an automobile while his driver's license was revoked. *Now, the Court instructed you that the fact that he may have been convicted of a crime has nothing to do with whether or not he could be held in this case. The only purpose for which it can be considered is as to the weight and the credibility which you can give his testimony. Now, we have accepted that.* I think it is a shame that a young man of that age should be faced with a conviction that should follow when he pleaded guilty to a crime which he could not possibly have committed, but it is on the records and it cannot be omitted from them. The juvenile officer said, 'I am going to take your license, and now, Dennis, don't you drive', and one of the over-zealous police officers arrested him. The 17 year old kid doesn't know any better, and pleaded guilty, and the law requires that when a man is convicted of driving while his license is revoked, he must be sentenced to jail. And they send the kid to jail. *That is the honest truth about that conviction, and it has no bearing on this case.*" (Italics ours.)

While counsel went considerably beyond the record (without objection) in his explanation, he did correctly state the only purpose for which the conviction could be considered, and twice said, in effect, that the defendant's conviction had no bearing upon his liability in the present case.

We are satisfied that there is nothing so prejudicial in the conduct of defendant's counsel on this phase of the case as would warrant the granting of a new trial to the plaintiff.

The second reason given by the trial court for granting a new trial was predicated upon the fact that counsel for the defendant, on cross-examination of the plaintiff, brought out the fact that the plaintiff was unemployed and was a recipient of a state pension.

After the plaintiff had testified on direct examination that he had lived in Bremerton for six years, he testified on cross-examination that he had not worked since he came to Bremerton from Montana. The only reference to a state pension in the entire record is the reference to "social security" in the following excerpt from the record:

"Q. When was the last time [that plaintiff had worked]? A. Oh, I don't know. I don't know when the last regular time was. Q. That was back in Montana, wasn't it? A. Yes, Montana, I never worked here. Q. Never worked here at all? A. No. Q. In other words, you are on social security? A. Yes. Q. Is that right?

"MR. MILLER: That isn't proper. We are not interested in nor asking for loss of wages of any kind. MR. COHEN: All right. I don't intend to ask any more questions. You are arguing over nothing. MR. MILLER: I think the jury should be instructed to disregard it. MR. COHEN: Your Honor, I think we are entitled to question him as far as we have gone, and we are not going any further. MR. MILLER: I think you have gone too far. THE COURT: Inquiry was made as to when and where he had worked. That had been gone into in the examination in chief. MR. MILLER: The inquiry was merely that he was doing farming work. That was all. THE COURT: I'll sustain the objection at this time, but if counsel wishes to renew it during the recess, I'll hear from you further."

Since the trial court construed "social security" to mean a state pension, we will accept that construction.

It is to be noted that the objection to further inquiry as to the pension was sustained, and that, while plaintiff's counsel thought the jury should be instructed to disregard the question and answer relative to social security, he made no such motion and did not ask for a ruling.

▮ We can agree that the court might, with propriety, have denied the right of defendant's counsel to inquire as to the employment or pension status of the plaintiff, inasmuch as he was not suing for any loss of earnings and his employment or unemployment was immaterial. But we are unwilling to hold that it was error not to so restrict the cross-examination of the plaintiff. We confine ourselves to holding that, if it was error, it was not prejudicial. Had there been a verdict for the plaintiff with inadequate dam-

ages, some importance might be attached to the trial court's having permitted defendant's counsel to inquire into the employment and pension status of the plaintiff; but we are satisfied that, if there was error in permitting the inquiry, it was not prejudicial, particularly in view of the fact that the jury either determined that the defendant had not been negligent or that the plaintiff had been contributorily negligent, and that there was no right of recovery.

Again, as in the first ground for granting a new trial, we take cognizance of the opinion expressed by the trial court that defendant's counsel capitalized upon or exploited the trial court's error by holding the plaintiff up to ridicule and scorn and making an unwarranted attack upon his character. In his argument to the jury, defendant's counsel made no reference to plaintiff's lack of employment or his pension, and we find nothing anywhere in the record to justify the accusation that he held the plaintiff up to ridicule and scorn, or that he in any way exploited the trial court's ruling, now conceived to be erroneous. We are convinced that there was nothing in the ruling or in the use defendant's counsel made of the testimony elicited from the plaintiff that prevented the plaintiff from having a fair trial.

As we read the two reasons given by the trial court for its conclusion that substantial justice had not been done, it seems to us that it was the misconduct of defendant's counsel in the use he made of what in themselves would have been nonprejudicial errors that caused the trial court the most concern and led it to believe that the plaintiff had not had a fair trial. There is no claim of misconduct in the record. We have consistently held that:

"Misconduct of counsel cannot be urged here unless the trial court was asked to correct it and to properly instruct the jury concerning the same, followed by exception to the court's refusal so to do." *State v. Bailey*, 31 Wash. 89, 95, 71 Pac. 715 (1903).

We find nothing in the record which we would be willing to label as prejudicial misconduct. If there was misconduct, it would seem that the prejudicial effect, if any, was negligible, since it escaped the attention of the trial

court and plaintiff's counsel until after the verdict had been rendered. For a similar situation, see *Mulka v. Keyes*, 41 Wn. (2d) 427, 438, 249 P. (2d) 972 (1952).

We are not here concerned with the issues of negligence and contributory negligence as in most personal injury cases, but rather with whether, by reason of two collateral circumstances, the trial court was warranted in concluding that the plaintiff did not receive substantial justice at the hands of the jury. Were this an appeal from a judgment on the verdict and were the plaintiff asking this court for a new trial on the basis of the reasons given by the trial court, while we could agree that the issue of the guilt or innocence of the defendant of the crime of driving while his license was revoked should not have been brought to the attention of the jury, and that possibly the fact that the plaintiff was unemployed and a recipient of a state pension should likewise not have been brought to the attention of the jury, we would nonetheless be compelled to hold that neither circumstance constituted prejudicial error and that the use made of these rulings by counsel for the defendant did not constitute prejudicial misconduct.

However, this is not such an appeal, and the trial court has already considered these matters and has concluded that they were sufficiently prejudicial for it to say that substantial justice was not done and a new trial should be granted.

Superior Court Rule 16, 34A Wn. (2d) 117, was adopted to give this court an opportunity for an effective review of orders granting new trials. We are cognizant that there may be situations in which the attitude and demeanor of an attorney, which cannot be made a part of the record, or other circumstances which cannot be captured or reproduced in what we refer to as a "cold record," may satisfy the trial court that justice has not been done. It was not our intention to limit the prerogative of the trial court to grant a new trial under such circumstances. See *Coppo v. Van Wieringen*, 36 Wn. (2d) 120, 217 P. (2d) 294 (1950). In that case and in *Mulka v. Keyes, supra,* we suggested:

"There is no desire to interfere with the inherent right of a trial judge to grant a new trial, subject only to the limited review now possible, where the reasons for granting the new trial cannot be made a part of the record. On the other hand, there should be some way of securing a review of such an order when the trial judge's action is actually based upon the record. Any rule adopted, to be effective, would require that the trial judge state his reason or reasons for granting a new trial and, also, whether the order is based upon the record or upon facts and circumstances outside the record which could not be made a part thereof."

There is no showing or statement in the order appealed from that it was based upon facts and circumstances outside the record which could not be made a part thereof. The trial court has here stated its reasons for concluding that substantial justice has not been done, and we, after a review of the record, are convinced that the reasons given do not support that ultimate conclusion. Under such circumstances, the verdict should stand, and the trial court erred in granting the plaintiff a new trial.

The order granting a new trial is reversed, and the cause is remanded with directions to enter judgment for the defendant upon the jury's verdict.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.