STATE, Respondent v. VAN BEEK, Appellant

(211 N.W.2d 355)

(File No. 11188. Opinion filed October 17, 1973)

May, Johnson & Burke, John C. Quaintance, Sioux Falls, for defendant-appellant.

Kermit Sande, Atty. Gen., Neil Carsrud, Asst. Atty. Gen., Pierre, for plaintiff-respondent.

RENTTO, Associate Judge.*

On May 2, 1972 a jury found defendant guilty of grand larceny involving the theft of livestock from a Lincoln County farm. He appeals from the judgment entered on this verdict which sentenced him to imprisonment in the state penitentiary.

His appeal as filed was bottomed on eight assignments of error. In the appellate process he abandoned seven of these. The remaining one makes this complaint:

---

* Retired Supreme Court Judge acting by appointment pursuant to SDCL 16-8-13.

"The Court erred to the prejudice of the Defendant in overruling the Defendant's Motion for Mistrial upon the grounds that the State's Attorney asked, in the presence of the jury, if it was not true that the past Monday the Defendant, Rodney Allen Van Beek, had been convicted of robbery (transcript 135-137, inclusive), which statement was greatly prejudicial to the Defendant."

Thus limited, the only question presented is whether the court erred in denying his motion for a mistrial.

On cross-examination of defendant the following took place:

"Q    You said out on your farm you had some buildings and some property and you have some cattle. You had a lot of other things out there too, didn't you?

A    That's right.

Q    A lot of stuff that didn't belong to you?

A    Well no it didn't belong all to me.

Q    Isn't that correct? In fact, isn't it true that just last Monday you were convicted of robbery?

        MR. BURKE: I move for a mistrial. There has been no judgment entered anyplace. This is completely erroneous, prejudicial.

        THE COURT: Well it was a matter that was publicized in the papers. I don't—so I don't think that it is any grounds for a mistrial. I don't think you should pursue it any further.

Q    All right, stay away from that, Your Honor. Isn't it true on that farm there is a lot of property, including a John Deere hydraulic pump, some side delivery rakes, hand plane, some saddles and some tack that belonged to people other than yourself?

> MR. BURKE: All right, now I want to move for a mistrial. There is absolutely no reason, Your Honor. First of all it's not correct. It's not correct to cross-examine and it's not only asked for the purpose of pre-judice—"

While not a part of the record the parties are agreed that defendant had been found guilty of burglary in the third degree by a jury in Moody County on April 24, 1972, but judgment on that verdict was not entered until June 1, 1972. This offense involved the theft of saddles, bridles, reins, horse blankets, lariats, horse collars, cinches and other like items used by one engaged in training riding horses.

When a defendant chooses to testify he may be impeached on cross-examination by showing his conviction of a felony. State v. Olson, 83 S.D. 260, 158 N.W.2d 526; Fanning v. State, 85 S.D. 246, 180 N.W.2d 853. For this purpose a jury's guilty verdict constitutes a conviction even before judgment is pronounced. People v. Williams, 27 Cal.2d 220, 163 P.2d 692; Annotation 14 A.L.R.3d 1272. The verdict overcomes the presumption of innocence and is a verity until set aside. State v. Reyes, 99 Ariz. 257, 408 P.2d 400, 14 A.L.R.3d 1262. Basic to all this is the requirement that the conviction be not too remote in time.

The conviction is not evidence of defendant's guilt of the offense for which he is on trial, but is allowed to be shown to attack his credibility. The extent to which it performs that function depends on the nature of the felony involved in the conviction. Because of this the inquiry is not confined to the mere fact of the conviction. The name and nature of the crime may be brought out but not its details and incidents. People v. David, 12 Cal.2d 639, 86 P.2d 811; Rung v. Radke, 44 Wash.2d 590, 269 P.2d 584; Quillen v. Commonwealth, 275 Ky. 158, 120 S.W.2d 1047; 98 C.J.S. Witnesses § 507 c; McCormick on Evidence, 2nd Ed. § 43.

Burglary in the third degree is punishable by imprisonment in the state penitentiary. SDCL 22-32-10. Consequently it is

a felony. SDCL 22-1-4. That the state's attorney mistakenly termed the conviction involved as being for robbery, which is also a felony, SDCL 22-30-7, rather than burglary, is immaterial. Since the question complained of does not transgress the prescribed limitations the court did not err in denying defendant's motion for a mistrial.

On oral argument complaint was also made of the two questions asked before the one mentioned in the assignment and the one subsequent to it. No objections were interposed to any of them. The last one was the basis for a second mistrial motion which was also overruled. The trial judge appears to have regarded these questions as permissible cross-examination since the matter of property on defendant's farm had been gone into on his direct examination.

■■■ SDCL 15-29-6 prescribes the content and style of assignments of error. It provides that "An assignment of error need follow no stated form but must briefly and plainly point out the error alleged to exist." Since the assignment does not point this matter out as being error it is not presented for review. Nevertheless we have given it careful consideration. Assuming that such cross-examination was improper, which we do not hold or intimate, we are convinced from our study of the entire record that it did not tend to defendant's prejudice as to any substantial right. Accordingly as mandated by SDCL 23-1-2 it must be disregarded.

Affirmed.

BIEGELMEIER, C. J., and WINANS, WOLLMAN and DOYLE, JJ., concur.

RENTTO, Associate Judge, sitting for DUNN, J., disqualified.